## COUNTY COURT — NASSAU COUNTY.

### August, 1918.

### THE PEOPLE v. CHASE MELLEN.

(104 Misc. 355.)

HIGHWAY LAW, § 287—RATE OF SPEED OF MOTOR VEHICLES*—BURDEN OF PROOF—APPEAL.

Section 287 of the Highway Law declares that "a rate of speed in excess of thirty miles an hour for a distance of one-fourth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent," and a defendant charged with driving his motor vehicle at a rate of forty-two miles an hour has the burden of showing that in the circumstances he was not driving in a reckless or imprudent manner.

Evidence considered and *held* to establish beyond a reasonable doubt that defendant at the time and place of his arrest was not driving his car in such a reckless or imprudent manner as to endanger the property of another or the life or limb of any person, and a judgment convicting him of a violation of said section 287 will be reversed and the fine imposed remitted.

APPEAL from a judgment of conviction rendered by a justice of the peace.

*Charles R. Weeks, District Attorney,* for People.

*Chase Mellen,* in person, for defendant.

SMITH, J.:

This is an appeal from a judgment of conviction for violation of section 287 of the Highway Law, rendered by Justice of the Peace Wilbur F. Southard, sitting as a Court of Special Sessions in the town of Hempstead on June 1, 1918.

* See Note, Vol. 28, p. 242; Vol. 36, p. 16; Vol. 34, p. 354; Vol. 32, p. 231.

It appears from the record in this case that the defendant on March 23, 1918, was arrested by motor-cycle officer Payne on the Merrick road near Bellmore in the town of Hempstead for violation of the said section of the Highway Law. There seems to be no dispute about the main facts of the case. The officer charged that the defendant was driving at a rate of forty-two miles per hour. The defendant admitted that he was driving at about that speed. The Merrick road at the place where the arrest was made is not within an incorporated village, not thickly populated and it appears from the record in the case that only one other vehicle was upon the road just previous to the arrest in the vicinity where it was made. The motor-cycle officer frankly stated upon cross-examination that the only reason he stopped the defendant was that the defendant was traveling over twenty-nine miles an hour. In another place in the record, he stated that the only reason he stopped the defendant was because the defendant was traveling forty-two miles an hour. I find the following testimony on page 87 of the record: " Q. At that time there were no vehicles of any description on the road? A. No sir. Q. Under the circumstances that existed on that day, there was nothing reckless about my driving the way I did? A. No, not on that day."

The defendant testified in his own behalf and stated that at the time in question he was returning from Camp Upton; that it was a clear, bright day. Going through villages, he observed what he understood to be the rate of speed permissible and upon the clear straight stretches of the road he increased his speed; that there were no pedestrians near the place where he was arrested upon the road; that the brakes and tires upon his car were in perfect condition; that his car was at all times under his control; that he had been driving automobiles for five years, having driven nearly 30,000 miles; that he had driven in cities and never had an accident; that at the time in question

there was nothing in the way to obstruct his view; that as he came to a curve in the road he reduced his speed somewhat.

The officer seems to have proceeded upon the theory that a speed in excess of thirty miles an hour in and of itself constitutes a violation of section 287 of the Highway Law. I am convinced from the record in this case that the justice of the peace also proceeded upon the same theory. The question presented is whether or not the record in this case establishes beyond reasonable doubt that the defendant at the time and place in question was driving his car in such a manner as to endanger the property of another or the life or limb of any person. Section 287 of the Highway Law does not prohibit a rate of speed in excess of thirty miles an hour but provides as follows: " Every person operating a motor vehicle on the public highway of this state shall drive the same in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person; provided, that a rate of speed in excess of thirty miles an hour for a distance of one-fourth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent."

The clear intent of the legislature in the enactment of the section above referred to in its present form, in my opinion, was to do away with the so-called speed limit, for we find that in article II, section 291, chapter 30 of the Laws of 1909, constituting chapter 25 of the Consolidated Laws, the rule as to speed permitted was as follows: " No person shall operate a motor vehicle on a public highway at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the highway, or so as to endanger the life or limb of any person or the safety of any property; or in any event on any public highway where the territory contiguous thereto is closely built up, at a greater rate than one mile in six minutes, or elsewhere in the city or village at a greater rate than one mile in four minutes, or elsewhere outside of a city or village at a greater

rate than one mile in three minutes; subject, however, to the other provisions of this article." This statute was amended by the Laws of 1910, leaving the said section 287 in its present form.

I think it is quite clear from a reference to the old and the new statute that the legislature intended to eliminate the absolute prohibition of speed greater than a specified number of miles per hour and to shift the burden upon the defendant, in the case where the speed was shown to be over thirty miles per hour, of showing that under all the circumstances he was not driving in a reckless or imprudent manner. In other words, the mere fact of speed in excess of thirty miles an hour simply raises a presumption of imprudent driving which may be overcome by evidence. In this case, I think the record clearly establishes that the presumption of careless and imprudent driving at the time and place in question on the part of the defendant was clearly and fully overcome by the testimony of not only the defendant but the officer who was the complaining witness.

The judgment of conviction is therefore reversed, and the fine remitted.

Judgment reversed, and fine remitted.