PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GEORGE E. CARRIE, Defendant.

PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM K. LEVY, Defendant.

County Court, Erie County, March, 1924.

Crimes — motor vehicles — convictions by justice of peace for violation of General Highway Traffic Law, § 14, subd. 2, reversed and cases dismissed — justice had no jurisdiction in absence of information — no jurisdiction to fine defendants more than ten dollars each — failure of People to establish violation of statute — purpose of statutes regulating traffic is to protect life and property of others lawfully using highways.

The convictions by a justice of the peace of two drivers of automobiles for " speeding " in alleged violation of subdivision 2 of section 14 of the General Highway Traffic Law should be reversed and the cases dismissed, where it appears that the defendants were arrested between two-thirty and three-thirty A. M. while driving through a village, the one at about forty-five miles per hour and the other at about forty-eight miles per hour; that there was no other traffic or pedestrians on the road, which was straight for about two miles; and that both automobiles were in good repair and both defendants were drivers of experience.

The justice of the peace had no jurisdiction in view of the fact that there was no information sworn to and that a proper objection was made thereto.

The court had no jurisdiction to fine the defendants more than ten dollars each.

The People failed to prove any facts which showed a violation of subdivision 2 of section 14 of the General Highway Traffic Law, and the fact that the justice intended to try the defendants for a violation of subdivision 1 of said section does not remedy the situation.

The general purpose of all laws regulating traffic is not primarily to protect the fast driver from the consequences of his own folly but properly to protect the life and property of others lawfully using the highways.

APPEALS from judgments of conviction for violations of the General Highway Traffic Law, rendered by a justice of the peace.

*William H. Hartzberg,* assistant district attorney (*Guy B. Moore,* district attorney, of counsel), for people.

*Francis T. Findlay (Edward E. Franchot,* of counsel), for defendants.

NOONAN, J. This is an appeal from judgments of conviction for violation of section 14, subdivision 2, of the General Highway Traffic Law, rendered against the defendants, respectively, by a justice of the peace, sitting as a Court of Special Sessions, in the village of Kenmore, in the town of Tonawanda, Erie county, N. Y., on December 3, 1923.

48

While the defendants were arrested by different officers on different dates, the facts and the questions of law in each case are practically identical, so that the two appeals may properly be disposed of together.

About two-thirty A. M., November 28, 1923, the defendant Carrie was going northerly, through said village of Kenmore, in his automobile, traveling about forty-five miles per hour; and on the following day, about three-thirty A. M., the defendant Levy was going over the same road at about forty-eight miles per hour. Outside of the police officers who made the arrests, there was absolutely no other traffic on the highway. Along this stretch of road, which is forty-one feet wide and straight for about two miles, there are no sidewalks, no intersecting streets, except one coming in from the east, only one or two buildings on one side of the road and eight on the other, and no pedestrians on the road. Both automobiles were in good repair, and both defendants were drivers of many years experience.

At the trials the defendants were represented by counsel, and were charged with violating section 14, subdivision 2, of the General Highway Traffic Law, which reads as follows: " Upon approaching a bridge or in passing a public hospital, fire house or a school the driver of any vehicle or street surface car shall proceed with extreme care and with vehicle or street surface car under control, provided local authorities have legible and visible signs posted, warning drivers of their approach to a bridge, fire house, public hospital or school building."

Counsel asked that an information be filed in each case, but the justice refused the request, and the trials proceeded. In each case the traffic officer swore that he had arrested the defendant for " speeding." There was no other proof, and the attorney moved for a dismissal of each charge, which was denied, and the trials proceeded. Each defendant was found guilty. Carrie was fined fifty dollars, and Levy twenty-five dollars. The reason for the difference in penalties is not apparent.

During the trial the attorney for the defendants took the proper exceptions to the rulings of the court, and made all motions necessary to protect the rights of his clients, and on appeal to this court the appellants ask that the judgments of conviction be reversed and vacated on the following grounds:

*First.* That the court had no jurisdiction to try the defendants for the alleged crime in view of the fact that there was no information sworn to, and that a proper objection was made thereto.

*Second.* That the court had no jurisdiction to fine the defendants more than ten dollars each.

*Third.* That the People failed to prove any facts which showed a violation of subdivision 2, section 14, of the General Highway Traffic Law.

Upon the first ground there seems to be ample authority to support their claim. " The information is the allegation made to a magistrate, that a person has been guilty of some designated crime." Code Crim. Pro. § 145. It is the foundation for the jurisdiction of the magistrate. *Shappee* v. *Curtis,* 142 App. Div. 155, 157, citing *McKelvey* v. *Marsh,* 63 id. 396. It performs the same office that an indictment does in superior courts. *Shappee* v. *Curtis, supra,* citing *People* v. *Olmsted,* 74 Hun, 323; *People* v. *Pillion,* 78 id. 74.

An information is an accusation in the nature of an indictment, from which it does not ordinarily differ in form or substance. The distinction, however, which exists between an information and an indictment is the source from whence it comes, the latter being presented by a grand jury, while the former is filed by the proper public officer without the intervention of a grand jury. Joyce Indictments, § 6; *United States* v. *Borger,* 7 Fed. Rep. 193, 196.

An information filed with a justice of the peace, as a basis of a criminal proceeding in a court of Special Sessions, should state the crime charged with such accuracy that the defendant may know the exact offense which it is claimed that he has committed, and he must be tried upon the information. *People* v. *Olmsted, supra.* Without a proper information, no crime is charged, and consequently there can be no conviction. *People* v. *Winston,* 155 App. Div. 907; *People* v. *James,* 11 id. 609. The laws applicable to the present situation are fully stated in *People* v. *James, supra.* At page 612 the court says: " We are of the opinion that before a party is placed on trial in a Court of Special Sessions, or in a Police Court, he should be charged by an information, clear and definite."

The question of filing a written information before proceeding to trial is also carefully considered in the case of *People ex rel. Farley* v. *Crane,* 94 App. Div. 397, and the court held that where a person has been arrested without a warrant, if the examination is adjourned and he is to be committed pending the examination, it is essential that a proper information in writing shall be filed with the magistrate to give him jurisdiction to issue the commitment.

The second ground for reversal raised by the defendants is tenable. Under section 14, subdivision 1, " Reckless driving is prohibited. Every person violating *this* provision shall be guilty of a misdemeanor * * *." The language used clearly restricts the penalty to a violation of that subdivision. Violations of subdivisions 2 and 3 must be punished pursuant to the provisions of section 30 of said law.

The third ground for reversal is also good.  There was absolutely no proof in either case to sustain the charge.

It is evident from the returns of the justice that he intended to try the defendants for violating subdivision 1 of section 14, which reads as follows: " Reckless driving is prohibited."  Both returns say that a mistake was made by the police officer in stating the charge.  This does not remedy the situation in any way.  The fact remains that there is no evidence to sustain the charge *as made*.

I think it proper, however, to discuss the question of whether or not the evidence offered would sustain the charge of " reckless driving."  Is proof of a high rate of speed alone sufficient to sustain a conviction?  That is the real question in these cases.

Under the earlier statutes (Laws of 1909, chap. 30, art. 11) for the regulation of traffic on the highways, speed in excess of a specified number of miles per hour was enough to sustain a conviction, but it soon became evident that speed alone was not the proper test of reckless or careless driving.  Moderate speed in congested traffic might be far more dangerous than a high rate of speed in the open country.  Section 287, subdivision 1, of the Highway Law now reads:  " Every person operating a motor vehicle upon a public highway shall drive such vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person."

Safety of the person and property of others is now the keynote of the law, and speed must be regulated accordingly.

Subdivision 2 of section 287 provides that speed in excess of thirty miles an hour for a distance of one-fourth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent.  The effect of this regulation is to shift the burden upon the defendant, in a case where the speed is over thirty miles an hour, of showing that, under all the circumstances, he was not driving in a reckless or imprudent manner.  The excessive speed simply raises the presumption of guilt, which may be overcome by other evidence in the case.  *People* v. *Mellen*, 104 Misc. Rep. 355.

The general purpose of all laws regulating traffic is not primarily to protect the fast driver from the consequences of his own folly, but rather to protect the life and property of others lawfully using the highways.  If this is the correct theory of the law, then neither of the defendants violated it, as there were neither persons nor property on the highway to be injured.

I have been unable to find any decisions in point under section 14, but section 287 of the General Highway Law is identical in purpose, and the latter section has received judicial construction.

Under almost the same conditions, except that the defendant was driving in the day time, the court, in the case of *People* v. *Mellen,* *supra,* held that the defendant was not guilty of violating section 287 of the Highway Law by driving on a country road at forty-two miles per hour.

If the theory of the law advanced is correct, there should not be a conviction solely upon proof of speeding. There should be evidence of other facts and circumstances showing that the person or property of others was being endangered. Each case must be judged on its own facts.

Upon all the grounds advanced by the appellants the judgments of conviction are reversed, the fines remitted, and the cases dismissed.

Judgment reversed.