The People of the State of New York, Respondent, *v.* Edward Higgins, Appellant.

County Court, Chenango County, December 29, 1937.

*Herbert C. Kibbe*, for the appellant.

*Glenn F. Carter, District Attorney*, for the respondent.

Brown, J.  Defendant has been convicted in a Court of Special Sessions in the town of Bainbridge, N. Y., of a violation of section 58 of the Vehicle and Traffic Law, and appeals from the judgment of conviction to this court.

The appellant attacks the sufficiency of the information on which the warrant was issued and raised the question before the trial court by a motion to discharge the defendant because of the alleged insufficient information.  The information, omitting the formal part, charges that the defendant " did commit the crime of misdemeanor in violation of article 5 section 58 of the V. & T. Law of the State of New York by wrongfully, unlawfully, wilfully and knowingly did operate a Chevrolet car lic 2X9200. N. Y. in a manner which endangered users of the highway, and, their life, limb and

property by driving aforesaid car at an excess of forty miles per hour on Route No. 17 between Bainbridge and Sidney all of which is in violation and, contrary to the above section." Section 58 of the Vehicle and Traffic Law reads as follows: " Reckless driving. Reckless driving shall mean driving or using any motor vehicle or motor cycle or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway. Reckless driving is prohibited. Every person violating this provision shall be guilty of a misdemeanor." The information charged that defendant operated an automobile " in a manner which endangered users of the highway, and, their life, limb and property by driving aforesaid car at an excess of forty miles per hour; " in other words, the defendant is charged with driving in a manner which endangered users of the highway because he was driving at a rate of speed in excess of forty miles an hour. The section under consideration does not make it a crime to operate an automobile at a rate of speed in excess of forty miles an hour. There is no mention of a specific rate of speed the exceeding of which becomes a criminal act. Reference in the information as to the rate of speed at which the defendant was alleged to have been driving is apparently borrowed from section 56 of the Vehicle and Traffic Law, which reads, in so far as pertinent here: " b. A rate of speed, by a motor vehicle other than a motor truck, in excess of forty miles an hour for a distance of one-fourth of a mile, shall be presumptive evidence of driving at a rate of speed which is not careful and prudent." That section merely makes a rate of speed in excess of forty miles per hour presumptive evidence of driving at a rate of speed which is not careful and prudent, and then only in cases where the rate of speed exceeds forty miles an hour for a distance of one-fourth of a mile. In *People* v. *Winston* (155 App. Div. 907) the court held that an information charging a person with operating a motor vehicle " at a greater rate of speed than thirty miles an hour " did not charge a violation of the statute, remarking: " There is no charge that the defendant operated his automobile at a speed in excess of thirty miles an hour for a distance of one-fourth of a mile, and in the absence of such an allegation no crime is charged." The allegation in the information in the instant case does not charge the crime defined in section 58 of the Vehicle and Traffic Law, for it does not allege that defendant was driving a motor vehicle " in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway." It is only driving in a manner which

" unreasonably " endangers users of the public highway that constitutes a crime.

No evidence given on the trial appears in the return made by the justice of the peace. There is no contention here that the defendant was intoxicated or under the influence of intoxicants in the slightest degree at the time of the alleged occurence. Reckless driving is not to be condoned or tolerated. On the other hand, a person charged with the commission of a crime is entitled to have the information set out the specific acts constituting the alleged offense as the same is defined and not leave them to be supplied by conjecture. In *People* v. *Grogan* (260 N. Y. 138, at p. 142), where an information charged a violation of said section 58 of the Vehicle and Traffic Law, the court said: " The information must set out the acts constituting the crime with the same clarity as an indictment; it must state the offense and the act constituting the offense. The information cannot be supplemented or pieced out by affidavits in the Magistrates' Court. \* \* \* The information not only was obliged to state the crime charged against him, but, like the indictment, was obliged to state the fact or the act constituting the crime." Again (at p. 143), commenting on the acts or element constituting the crime, we find the following: " Besides this, section 58, by its third subdivision, prohibiting ' reckless driving,' calls for evidence showing something more than mere negligence;" and again (at p. 144): " Mere speed in itself in excess of that allowed by the Highway Law is not alone sufficient." The information was insufficient to charge the defendant with a violation of section 58.

The charge of the justice of the peace to the jury to the effect that the People were entitled to the benefit of a reasonable doubt as was the defendant would be reversible error, but it is unnecessary to comment on same, having reached the decision that the motion of counsel for a discharge of the defendant because of the insufficiency of the information should have been granted.

Judgment of conviction reversed.