Louis De Stasio, Appellant, *v.* Janssen Dairy Cor-
poration, Respondent.

Argued December 6, 1938; decided January 11, 1939.

*Robert R. Bauman* and *Arthur L. Obre* for appellant. The trial court committed reversible error by permitting an inquiry as to previous convictions of plaintiff for traffic infractions as allegedly affecting the plaintiff's credibility. (Civ. Prac. Act, § 355; *See* v. *Wormser*, 129 App. Div. 596.) The trial court permitted violations of the well-known rule that the character of a party in a civil cause of action cannot be looked to as evidence that he did, or did not, act carefully as of the time in issue. (*Zucker* v. *Whitridge*, 205 N. Y. 50; *Noonan* v. *Luther*, 206 N. Y. 105; *Morningstar* v. *Lafayette Hotel Co.*, 211 N. Y. 465; *Taylor* v. *Heft*, 150 App. Div. 509; *Eppendorf* v. *Brooklyn City & Newton R. R. Co.*, 69 N. Y. 195; *Wooster* v. *Broadway & 7th Ave. R. R. Co.*, 72 Hun, 197; *Hovell* v. *The Evergreens*, 242 N. Y. 216.) Where issues are sharply litigated, errors in the admission of incompetent evidence may not be disregarded as harmless. (*Hanrahan* v. *N. Y. Edison Co.*, 238 N. Y. 194; *Moore* v. *Rosenmond*, 238 N. Y. 356; *Wurtzman* v. *Kalinowski*, 233 App. Div. 187; *Trombly* v. *Deso*, 235 App. Div. 15; *Creasy* v. *Eastern Greyhound Lines, Inc.*, 249 App. Div. 59.)

*B. G. Barton* for respondent.   The trial court's ruling, even if error, was harmless.   (*Jacobs* v. *Jacobs,* 252 App. Div. 794; *Gotham Const. Corp.* v. *City of New York,* 233 App. Div. 699; *Von Au* v. *Magenheimer,* 126 App. Div. 257; 196 N. Y. 510.)

*Per Curiam.*   Evidence that a plaintiff, in an action for negligence growing out of the operation of an automobile, has been previously convicted for a traffic infraction as defined by the Vehicle and Traffic Law (Cons. Laws, ch. 71), shall not be received to affect his credibility when a witness in an action or proceeding, and he may not be required to disclose a conviction therefor (Civ. Prac. Act, § 355).

Plaintiff was repeatedly required to disclose such previous convictions.   In a case as close as this such error cannot be disregarded.

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.