In the Matter of FREDERICK K. HART, Appellant, against CARROLL E. MEALEY, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Argued October 14, 1941; decided November 27, 1941.

*Thurlow W. Southwick* for appellant. A revocation on account of reckless driving must be based upon evidence of reckless act or acts. (*People* v. *Grogan*, 260 N. Y. 138; *Matter of Seid* v. *Harnett*, 256 App. Div. 200; *Matter of Prince* v. *Harnett*, 256 App. Div. 201.)

*John J. Bennett, Jr., Attorney-General* (*Irving H. Lessen* of counsel), for respondent. The revocation of the petitioner's operator's license was based upon evidence of grossly negligent and reckless acts on the part of the petitioner. (*People* v. *Grogan*, 260 N. Y. 138.)

Lewis, J. In this proceeding under article 78 of the Civil Practice Act the Appellate Division, by a non-unanimous order, has confirmed a determination by the Commissioner of Motor Vehicles revoking the appellant's license to operate a motor vehicle. The order of revocation states the " cause " thereof to be " Violation of Section 58 of the Vehicle and Traffic Law — Reckless driving."

At 8:15 on the night of April 4, 1940, the appellant was driving in the city of Syracuse westerly along Erie boulevard, which is a paved thoroughfare fifty feet in width. As he approached the intersection of Salina street, where traffic is controlled by illuminated signals, the red light turned against his progress and he stopped his car east of the east crosswalk of Salina street and north of the center line of the boulevard. At the same time, in response to

the same red signal, east-bound cars had stopped on the boulevard west of the same intersection to await the green light. It was then dark and pavements were wet from falling rain driven by wind. The evidence is not disputed that the appellant's car was in "perfect condition"— head lights were turned on "bright," brakes were properly adjusted and the windshield wiper was operating. When the light turned green for traffic on the boulevard the appellant looked to the north and south on Salina street. Seeing no pedestrian on either crosswalk, he started his car and proceeded straight across the intersection which is sixty feet in width. At the same time east-bound traffic, consisting of three or four cars, moved ahead. As the last east-bound car passed him on the left and while he was advancing at a speed of not more than fifteen miles an hour and was approaching the crosswalk lines on the west side of Salina street, the appellant saw for the first time on the westerly crosswalk five feet ahead of him two pedestrians — a man and woman — walking northward. They were dressed in black, walking in a "leaning-forward position" with an umbrella over their heads. The appellant stopped his car within slightly more than a car's length but not before his right front fender had struck the man who was crossing the lane for west-bound traffic, who in turn knocked down the woman at his side. The accident occurred within the lines of the westerly crosswalk of Salina street eighteen or twenty feet from the north curb of the boulevard and at a time when the signal for west-bound traffic on the boulevard was green.

The facts stated above are from testimony given by the appellant at the hearing at which he was the only witness called except the driver of a car which stopped immediately behind the appellant in response to the red light and which followed him across Salina street. The latter witness corroborates the appellant in every detail except he stated his belief to be that the appellant's speed, as he crossed Salina street, was less than fifteen miles an hour. He also stated: " He [the appellant] didn't proceed until the green

light, because I particularly noticed it, he didn't start on the amber, I am very positive of that  *  *  *."

Accepting these undisputed facts as descriptive of the appellant's conduct immediately prior to the accident, we entertain no doubt that standing alone they do not afford proof that the appellant operated his car in a manner which unreasonably interfered with the free and proper use of the public highway, or unreasonably endangered users of the public highway. (Vehicle and Traffic Law, § 58; Cons. Laws, ch. 71.) There was nothing in the evidence which gave proof of a reckless disregard by the appellant of the consequences of his conduct or of his indifference to the rights of others. (*People* v. *Grogan*, 260 N. Y. 138.)

There is, however, additional evidence elicited by the Commissioner upon the hearing, without objection by the appellant, that as a result of the accident the appellant was tried in the Traffic Court in Syracuse upon the charge of " failure to give a pedestrian the right of way." Upon that charge he was found guilty and paid a fine of ten dollars.

We thus reach the decisive question upon this appeal — whether the evidence last mentioned, when considered with the facts outlined above, is sufficient in law to justify the action taken by the Commissioner of Motor Vehicles.

As to the weight which should be accorded to the evidence in question, we find that a failure by the driver of a motor vehicle to give the right of way to a pedestrian is defined by the Legislature as a " traffic infraction." (Vehicle and Traffic Law, § 2, subd. 29; § 85, subd. 1; § 91.) In that connection we note that the Legislature has gone further and has provided that a witness *shall not* " *  *  *  be required to disclose a conviction for a traffic infraction,* as defined by the vehicle and traffic law, nor shall conviction therefor affect the credibility of such witness in any action or proceeding." (Emphasis supplied.) (Civ. Prac. Act, § 355; *De Stasio* v. *Janssen Dairy Corp.,* 279 N. Y. 501, 503.)

By the enactment of chapter 485 of the Laws of 1934, which amended section 355 of the Civil Practice Act, quoted in part above, the Legislature recognized the weakness of evidence of a traffic infraction as proof of facts which may have been involved. (Cf. *Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310, 312, 314.) At the hearing before the Commissioner of Motor Vehicles the appellant's failure to object to its competency adds neither weight nor substance to evidence which the Legislature has declared a witness shall not be required to disclose. Giving this evidence the consideration to which it is entitled, we do not find it sufficient, when added to the uncontradicted testimony already outlined, to support a finding that at the time of the accident the appellant was guilty of " reckless driving " in violation of section 58 of the Vehicle and Traffic Law.

. The order of the Appellate Division should be reversed and the determination by the Commissioner of Motor Vehicles annulled, with costs in this court and in the Appellate Division.

LOUGHRAN, FINCH, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., and RIPPEY, J., dissent.

Order reversed, etc.