In the Matter of BERNARD L. SHERIDAN, Petitioner, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Third Department, November 14, 1945.

*Hinman, Howard & Kattell,* attorneys (*Charles F. Fish* of counsel), for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Herman F. Nehlsen, Assistant Attorney-General* of counsel), for respondent.

HEFFERNAN, J. This proceeding was instituted for the purpose of reviewing the determination of the Commissioner of Motor Vehicles revoking petitioner's operator's license.

Petitioner was engaged in the business of operating a delivery truck in the counties of Broome and Delaware. At about eight o'clock at night on December 24, 1943, near Sidney, N. Y., a collision occurred on a two-lane concrete highway between petitioner's truck and a Greyhound passenger bus operated by one Weiss. Both vehicles were travelling in a south bound direction.

The proof discloses that as the passenger bus started up an incline in the highway to pass over a bridge motor trouble developed. There were steep embankments and a concrete ditch on both sides of the road at this point. At the edge of the ditch there was a cable-type guardrail. According to Weiss' testimony the bus was parked " pretty close to the right side of the road ". He said that it was impossible to get the bus off

the road and that it was parked in such a way that when the door was open it touched the guardrail. The driver left the bus on the road and started in the direction of Sidney to notify his employer and to obtain the services of a mechanic to repair the motor. He was not present when the accident happened.

There is conflict in the evidence between the two drivers as to the condition in which the bus was left. Weiss testified that he put out a flare 500 feet to the rear of the bus and that the lights of the vehicle were on. Petitioner stated that there was no light on the rear of the bus and no flares or other lights of any kind on the highway or anywhere else in the vicinity of the bus. There is a winding curve about 100 yards to the rear of where the bus was parked.

The collision was between the front of petitioner's truck and the left rear corner of the bus. The only proof in the record as to how the collision happened or as to what caused it is the evidence of petitioner. He stated that he was travelling at a rate of speed of thirty miles an hour. Another vehicle travelling in the opposite direction, with very bright lights, passed him. As that car passed he said that he observed the bus parked on his side of the road; that he pulled his machine to the left in an endeavor to avoid a collision but that the right front corner of his truck came in contact with the left rear corner of the bus. As a result of the collision petitioner sustained a number of injuries and was rendered unconscious. Subsequently and on May 23, 1944, a hearing was had before one of respondent's deputies apparently for the purpose of determining how the collision occurred.

At that hearing Weiss was sworn and gave the testimony to which we have already referred. A State trooper who arrived on the scene long after the collision had occurred submitted an affidavit in which he said that the driver of the bus " placed out oil signal flares as required and at proper distances from this bus to warn approaching traffic and had left the lights of the bus on also." That statement is pure hearsay on the part of the trooper. On his own admission there were no witnesses to the accident except petitioner. It is quite significant that none of the passengers on the bus was called to substantiate the driver's assertion as to lights and flares. Petitioner was unable to appear in person on the day of the hearing but submitted an affidavit giving his version of the occurrence. In that affidavit he offered to appear in person at a later date if the hearing referee desired.

At the conclusion of the hearing the referee made this decision: " Revoke current driving license of Bernard Sheridan

pursuant to section 58 of the Vehicle and Traffic Law, reckless driving at or near Sidney, New York, December 24th, 1943." The respondent adopted the recommendation of the referee and accordingly revoked petitioner's license.

Section 58 of the Vehicle and Traffic Law pursuant to the provisions of which petitioner's license was revoked reads as follows: " *Reckless· driving.* Reckless driving shall mean driving or using any motor vehicle or motor cycle or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway. Reckless driving is prohibited. Every person violating this provision shall be guilty of a misdemeanor."

Reckless driving is not a mere traffic infraction. By statute it is made a crime. Recklessness is more than ordinary negligence, more than want of ordinary care. It is a wanton or heedless indifference to consequences. The word " reckless " implies a substantially greater degree or grosser form of negligence and is definite as not recking of consequences, desperately heedless, as from folly, passion or perversity, impetuosity or rashly adventurous.

In *People* v. *Grogan* (260 N. Y. 138) the defendant was charged with and convicted of reckless driving in that he drove his automobile at a rapid and dangerous rate of speed thereby endangering the life of other users of the highway and that his car collided with another. The Court of Appeals reversed the conviction and dismissed the information. Judge CRANE who wrote for the court reviewed the authorities on the subject. In his opinion he said that section 58 prohibiting " reckless driving " calls for evidence showing something more than mere negligence and that " reckless driving, therefore, standing by itself means the running or operation of an automobile under such circumstances as to show a reckless disregard of the consequences." The court held that the mere collision of defendant's car with another vehicle did not bring his act within the condemnation of the law.

In *Matter of Hart* v. *Mealey* (287 N. Y. 39) the Court of Appeals annulled a determination of the Commissioner of Motor Vehicles which revoked an operator's license based on a finding of reckless driving. In that case a car operated by the appellant struck a pedestrian on a public highway in Syracuse. He was tried in Traffic Court upon the charge of " failure to give a pedestrian the right of way ", was found guilty and paid a fine. After reviewing the evidence in that case Judge LEWIS, speaking for the court, said: " Accepting these undisputed

facts as descriptive of the appellant's conduct immediately prior to the accident, we entertain no doubt that standing alone they do not afford proof that the appellant operated his car in a manner which unreasonably interfered with the free and proper use of the public highway, or unreasonably endangered users of the public highway. (Vehicle and Traffic Law, § 58; Cons. Laws, ch. 71.) There was nothing in the evidence which gave proof of a reckless disregard by the appellant of the consequences of his conduct or of his indifference to the rights of others. (*People* v. *Grogan,* 260 N. Y. 138.) ''

Again in *People* v. *Bearden* (290 N. Y. 478) the court reversed a judgment convicting appellant of the crime of criminal negligence in the operation of a motor vehicle resulting in death. There was proof in that case from which the jury might find that at the time of the fatality appellant was operating his car at a rate of speed of fifty miles an hour. In the court's opinion written by Judge LEWIS it is said: '' Proof of speed under certain conditions may lead to civil liability. In our examination of the record at hand, however, we have given heed to the admonition by Chief Judge CULLEN that — ' A distance separates the negligence which renders one criminally liable from that which establishes civil liability.' (*People* v. *Rosenheimer,* 209 N. Y. 115, 123; Cf. *Brown* v. *Shyne,* 242 N. Y. 176, 182, 183; *People* v. *Pace,* 220 App. Div. 495, 497).''

A license to operate a motor vehicle is a valuable one; it is a right of which no citizen should be deprived except on clear and convincing proof warranting such drastic action. There is no credible evidence in the record before us which justifies respondent's determination. The proof is wholly insufficient to sustain the charge of reckless driving. Petitioner has driven motor vehicles for thirty years. He has never had a prior accident nor has he ever been charged with any violation of law in the operation of a motor vehicle. The revocation of his license under the circumstances disclosed here was arbitrary and capricious and this court declines to give it the judicial blessing.

The determination of respondent should be annulled on the law and facts, with $50 costs and disbursements to petitioner, and respondent is directed to restore the license.

All concur.

Determination of respondent annulled on the law and facts, with $50 costs and disbursements to petitioner, and respondent is directed to restore petitioner's license.