Russell, J.
(dissenting). The petitioner was'proceeding from north to south on the west side of the highway. It was a two-lane macadam road. Andrews, who was killed, was crossing from east to west.
Iva Roberts, daughter of the deceased, testified in part as follows: “ Q. Do you know where your father was coming from? A. My brother lives right in front of where he was killed. He had been there and was coming back. He waited for another car to go by. Q. Can you state the side of the highway he was walking from? A. He was going from the east to the west side, toward his home. He lives on the west side.”
Weinstein, a passenger in the back seat of petitioner’s car, testified in part as follows: “ Q. What was the first thing you noticed at the time of the accident? A. When we dropped over the hill, I noticed another car slowed up. Then I noticed a man on the dirt road very close to the pavement. Then all of a sudden he started to run on a slant toward the front of the car.”
The petitioner stated he was driving at about forty miles an hour. The calculated speed of the car, by measurements of the skid marks according to standard tests of stopping, was between forty and forty-two miles per hour. As to speed it cannot be said that the speed of forty-two miles an hour in the open country under the circumstances here was reckless driving. The petitioner was also held reckless for not seeing the pedestrian at the time he was standing on the east side of the highway before crossing and not until he was only twenty-five feet away from the petitioner’s car. Under the conditions and circumstances as related by the witnesses it might have been negligent on the part of the operator not to have seen Andrews standing on the east side of the *1081 highway and not until he was only twenty-five feet away, but it was not reckless. The law easts a duty upon pedestrians to look before crossing a highway. The highway at the place of the accident and to the north is straight; Andrews was crossing from east to west; the petitioner was driving on the west side of the highway going south and consequently it is reasonable to conclude that if Andrews had looked to the north before starting to cross, or while in the act of crossing, he could have seen the car approaching.
A review of the evidence leads to the conclusion that a question of fact arises as to negligence and contributory negligence, but not as to reckless driving. Reckless driving is made a crime. It is more than ordinary negligence, “more than want of ordinary care.” There is nothing in the evidence which sustains proof of “ ‘ * * a reckless disregard by the appellant of the consequences of his conduct or of his indifference to the rights of others.’ ” (Matter of Sheridan v. Fletcher, 270 App. Div. 29, 32-33; People v. Grogan, 260 N. Y. 138.)
Hill, P. J., Brewster and Foster, JJ., concur in decision; Russell, J., dissents in a memorandum, in which Heffernan, J., concurs.
Determination confirmed, without costs.