THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES W. BYRNE, Defendant.

City Court of Utica, July 11, 1949.

*Bartle Gorman* for defendant.

*J. Herbert Gilroy, Corporation Counsel (Harold H. Hymes* of counsel), for plaintiff.

WALSH, J.  Defendant moves to dismiss an information filed against him charging reckless driving in violation of section 58 of the Vehicle and Traffic Law.

The information charges that the defendant "did at about 8:50 A.M. on May 13th, 1949, operate a 1949 Plymouth Coupe bearing registration 8 MD 243 east on Whitesboro Street, a public highway in the City of Utica, County of Oneida and State of New York, at a high rate of speed and in a manner which unreasonably interfered with the free and proper use of said public highway or unreasonably endangered the users of said highway in that deponent skidded 73 feet 11 inches striking and injuring one Arline Mosher, aged 15 years who was crossing said public highway from the north to south curb of Whitesboro Street at the intersection of Whitesboro and Cross Streets."

Section 58 of the Vehicle and Traffic Law provides: " Reckless driving shall mean driving or using any motor vehicle * * * in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway.  Reckless driving is prohibited. Every person violating this provision shall be guilty of a misdemeanor."

This information was obtained by the complaining police officer apparently without consultation with the corporation counsel's office.  Upon the arraignment defendant entered no plea but instead challenged the sufficiency of the information filed against him.  There appears to be no question but that the information is insufficient as a matter of law.

Reckless driving is not a mere traffic infraction but a crime and the acts and omissions constituting it must be specifically charged in the information (*Luckie* v. *Goddard,* 171 Misc. 774; *People* v. *Kasloff,* 54 N. Y. S. 2d 455) with the same clarity and

exactness as in an indictment (*People* v. *Bruno,* 43 N. Y. S. 2d 942).

A careful examination of the wording of information herein discloses the following alleged acts or omissions:

(1) " a high rate of speed "

(2) " in a manner which unreasonably interfered with the free and proper use of said public highway or unreasonably endangered the users of said public highway in that "

(3) " deponent skidded 73 feet 11 inches "

(4) " striking and injuring one Arline Mosher, aged 15 years who was crossing said public highway    *    *    * "

Neither collectively nor individually do the above allegations of fact satisfy the provisions of the statute as interpreted by the highest courts of our State. While reckless driving is not to be excused, tolerated or condoned, " a person charged with the commission of a crime is entitled to have the information set out the specific acts constituting the alleged offense as the same is defined and not leave them to be supplied by conjecture " (*People* v. *Higgins,* 165 Misc. 503, 505).

The first allegation that defendant was proceeding at a " high rate of speed " taken alone does not constitute the crime of reckless driving (*People* v. *Grogan,* 260 N. Y. 138, 144; *Matter of Sheridan* v. *Fletcher,* 270 App. Div. 29, 32–33; *People* v. *Higgins,* 165 Misc. 503, *supra; People* [*Lucius*] v. *Herman,* 174 Misc. 235; *People* v. *Carrie,* 122 Misc. 753). There must be evidence of other facts and circumstances showing " a reckless disregard of the consequences." (*People* v. *Grogan,* 260 N. Y. 138, 144, *supra.* See, also, *People* v. *Carrie,* 122 Misc. 753, *supra.*)

In *People* v. *Bearden* (290 N. Y. 478, 483) the highest court in the State reversed the conviction of a defendant of criminal negligence in the operation of a motor vehicle resulting in death. There, the Court of Appeals said: " Proof of speed under certain conditions may lead to civil liability. In our examination of the record at hand, however, we have given heed to the admonition by Chief Judge CULLEN that — ' A distance separates the negligence which renders one criminally liable from that which establishes civil liability.' "

The second allegation hereinbefore set forth is merely a reiteration of the statute verbatim and adds no strength to the charge. An information which attempts to charge the offense of reckless driving by alleging that defendant " unreasonably " interfered with the free and proper use of the highway or " unreasonably " endangered users of the highway adds nothing to an otherwise defective information since such allegations are

merely "conclusions" and not statements of fact. (*People* v. *Sas,* 172 Misc. 845; *People* v. *Kasloff,* 54 N. Y. S. 2d 455, *supra.*)

The third allegation that "deponent" skidded 73 feet 11 inches is obviously a typographical error. Defendant was intended and not "deponent". The court will deem such error corrected for the purpose of this motion. There is no amplification of the allegation as to the location of the mark, whether on the right or left side of the road, whether the same was solid or intermittent, whether from all four wheels, whether the pavement was wet or dry and what type of pavement, nor any other facts including an examination of brakes or equipment of the vehicle from which a legitimate inference could be drawn that the driving was reckless either as a matter of fact or of law. Since an information in a Magistrate's Court cannot be supplemented or pieced out by affidavits (*People* v. *Grogan,* 260 N. Y. 138, *supra; People* v. *Zambounis,* 251 N. Y. 94) neither may it be pieced out by mere conjecture (*People* v. *Higgins,* 165 Misc. 503, *supra*).

It is possible, of course, under the decision of the case of *People* v. *Devoe* (246 N. Y. 636) decided prior to *People* v. *Grogan* (260 N. Y. 138, *supra*) that evidence of *excessive* speed may supply a basis for an inference that such driving was reckless. Such excessive speed, however, means more than just merely exceeding the speed limit. It must be such speed as to show more than ordinary negligence, more than want of ordinary care. It must be such as to warrant the inference, in and of itself, that "It is a wanton or heedless indifference to consequences". (*Matter of Sheridan* v. *Fletcher,* 270 App. Div. 29, 32, *supra.*)

What rate of speed would indicate wantonness? It depends on the location, time, amount of traffic, physical condition of the vehicle and the experience and skill of the operator. In one case, forty-eight miles per hour in a village was not considered reckless (*People* v. *Carrie,* 122 Misc. 753, *supra*). In any event, one prerequisite is necessary in an information such as this — some definite allegation as to a rate of speed or approximation thereof. It is not sufficient to use the meaningless expression "high rate of speed" nor to give a skidmark distance and leave it to the defendant or the court to apply the science of physics and mathematics to speculate what a skidmark indicates. It is true that Judge HORN in *People (Lucius)* v. *Herman* (174 Misc. 235, 238, *supra*) convicted a defendant of speeding by the use of a formula worked out by the New York

City police department. It required four pages of his decision to explain the scientific basis of the formula which involved many factors unknown in the present case. The following quotation indicates the difficulty involved in applying such a formula: " A skidmark is caused by the burning of rubber from the tire as a result of the friction between the surface of the tire and the surface of the pavement (with brakes locked). This friction varies according to the holding power of the road surface."

Judge HORN then continued by demonstrating that there was a difference in the holding power of different types of pavement from asphalt to brushed concrete. Applying the formula worked out to that case which involved continuous tire skidmarks from all four wheels for a distance of sixty-four feet and one inch on a dry asphalt pavement, Judge HORN determined that the defendant there was traveling 38.6 miles per hour in a 25 mile speed zone and convicted him of speeding.

Here we have no allegations or facts showing the type of pavement, the coefficient of friction of that type of pavement, whether the pavement was wet or dry, whether the skidmarks were intermittent or continuous, whether the brakes were examined and found to be in good working order.

It may be that a good information may be drawn alleging reckless driving but this present information is not such.

The fourth and final allegation is that defendant struck and injured a young lady. While this is a necessary allegation in a civil action it is of no assistance in a criminal action of this type since reckless driving may be found even though no person is injured nor property damaged. As the Court of Appeals said in *People* v. *Grogan* (260 N. Y. 138, 149, *supra*) the mere fact that two cars collided does not prove that one operator is guilty of reckless driving. The same is true when a person is injured. The mere accident or injury to a person alone does not create criminal liability unless the acts or omissions are such as to themselves create the liability.

This determination makes it unnecessary for me to point out that an information sworn to by a police officer which is based upon information and belief gained from hearsay conversations with a third party, alleged admissions which are not set forth, and officer's conclusions drawn from observation of skidmarks and the position of an automobile after an accident were held insufficient in *People* v. *Dobbertin* (19 N. Y. S. 2d 333 [1939]).

The present information is clearly defective on its face and confers no power on this court to proceed further at this time.

The motion to dismiss the information as insufficient in law is granted.

Since this is a motion to void an insufficient information, the People may, of course, lay a new information on sufficient allegations charging a violation of section 58 of the Vehicle and Traffic Law or any other applicable traffic law or ordinance if they be so advised.