Per Curiam.

Petitioner’s chauffeur’s license was revoked hy order of respondent after a hearing held at Canandaigua on January 9, 1950. The cause of the revocation was set forth as “Violation of Section 71-3e of the Vehicle and Traffic Law — Involved in an accident on 9/9/49, near Canandaigua, New York.”
*20 Petitioner was the only witness sworn at the hearing. He testified that on September 9, 1949, he was driving in a northerly direction from Canandaigua on his way home from a carnival in that city. His description of the accident was as follows: “ I was going along the road, just crossed the tracks and all of a sudden I saw this guy standing in the middle of the road. I slowed down and started to go by him and as I started to go by him a little bit he jumped out in front of me. * * * He was standing about the middle of the road and I pulled to the right. I had plenty of room to go by him.” Petitioner said he was driving about “ 40 miles an hour ” before the accident, that the pedestrian was hit by the left front fender, that his car traveled about 35 feet after the accident and the right fender hit a tree; that his lights were in good condition. An ambulance and the police officers were called. The injured man died the next afternoon. Petitioner made a report to the Sheriff and to the respondent, Motor Vehicle Commissioner, but these reports were not included in the record. It does not appear that petitioner was represented by counsel at the hearing. All questions were asked by the hearing referee. Although it appears that one or more officers came to the scene of the accident, no one other, than the petitioner testified at the hearing. He was not asked whether or not he blew the horn before the accident.
On this record the referee under the heading “ Remarks ” has made these findings, if such they may be called: ‘‘ He did not put on the brakes until after he had hit the pedestrian and I suggest that from this hearing, that the speed of the car was closer to 60 or 70 mph. It would also appear to me that the pedestrian was trying to cross the road from his left to his right but because of the speed of the vehicle it was impossible for this driver to determine that fact. If his speed was normal he would have turned to his left and safely passed the pedestrian. ’ ’
While we are mindful of the limitations placed upon this court to review questions of fact after a hearing before an administrative officer (Matter of Miller v. Kling, 291 N. Y. 65; Matter of Humphrey v. State Ins. Fund, 298 N. Y. 327); we may however set aside a finding of fact in a case such as this where there is no evidence to support it. (Matter of Laurence v. Gaffney, 272 App. Div. 609.) “ Good cause must be shown to warrant revocation or suspension of a license, based upon competent, legal testimony.” (Matter of Kafka v. Fletcher, 272 App. Div. 364, 368; see, also, Matter of Sheridan v. Fletcher, *21 270 App. Div. 29, and Matter of Hart v. Mealey, 287 N. Y. 39.) Here, the referee has reached his conclusion on mere speculation and surmise as to the speed of the car, and has entirely-disregarded the evidence presented at the hearing.
On this record, the determination of the respondent should be annulled and the chauffeur’s license restored to the petitioner.
All concur. Present — Taylob, P. J., MoCubn, Love, Kim-ball and Pipes, JJ.
Determination annulled on the law and respondent directed to restore petitioner’s license, with $50 costs and disbursements to petitioner. All concur.