James E. Muloahy, J.
This is a motion for an order setting aside the verdict rendered by the jury on behalf of the defendant and granting a new trial upon the ground that the refusal of the court to admit evidence of a conviction upon a plea of guilty by the defendant in the Magistrates’ Court to a traffic violation arising out of the same facts upon which this suit is founded, was contrary to law.
The court has read with interest the opinion in Walther v. News Syndicate Co. (276 App. Div. 169, 174) in which the admissibility of such proffered evidence is discussed at length, and in which the following language is used: “ We believe that the law of this State protecting a witness against disclosure of conviction for a traffic infraction to affect his credibility (Civ. Prac. Act, § 355) is the expression of a public policy having some bearing on the question before us. It is true that this statute relates only to the matter of impeachment of a witness, and not to the probative force of a prior judgment of conviction for a traffic violation. Nevertheless, the rule of public policy thus declared seems to go beyond the mere question of privilege or credibility of a witness. As was noted in Matter of Hart v. Mealey (287 N. Y. 39, 43, supra), ‘ the Legislature recognized the wea-hness of evidence of a traffic infraction as proof of facts which may have been involved ’ (emphasis supplied).”
There seems to be some question as to whether evidence of conviction oh a plea of guilty for violation of traffic laws or rules of the road is admissible against the defendant in a civil action as an admission against interest.
It would seem that the better rule would be to exclude this evidence as being prejudicial to the defendant and to allow the jury to determine the main issue of negligence de novo based solely upon the factual evidence produced at the trial. As we all know, a plea of guilty to a charge of “ traffic violation ” as distinguished from a misdemeanor may well be made by a defendant for reasons other than his actual guilt. It very often happens that a person charged with such a violation may not wish to spend the time required to enter a plea of not guilty and return on one or more adjourned dates for a trial, or it may be that he feels that by pleading guilty he will receive a low fine or perhaps even a suspended sentence. In this particular case, inasmuch as a motorcycle policeman was injured in the occurrence, that may have had some influence on his decision.
For these reasons the court felt that in the exercise of sound discretion the evidence of conviction should be excluded as being prejudicial and of little or no probative value on the issues involved.
The motion is, therefore, denied.