■ ALAN L. AARON, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated May 5, 1969, which suspended petitioner's driving license for 30 days for a violation of section 510 (subd. 3, par. [e]) of the Vehicle and Traffic Law (gross negligence in the operation of a motor vehicle). Determination annulled, on the law, with costs. In our opinion, respondent's finding of gross negligence was not supported by substantial evidence and the resulting suspension for 30 days constituted an abuse of discretion (Matter of Kops v. Hults, 29 A D 2d 687; Matter of Harris v. Kelly, 9 A D 2d 785; Matter of Ghersan v. Hults, 13 A D 2d 1007; Matter of Sappern v. Hults, 11 A D 2d 776; Matter of Disney v. Hults, 16 A D 2d 494; Matter of Sheridan v. Fletcher, 270 App. Div. 29). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ ANN BASCOME et al., Appellants, v. ABRAHAM GOLD et al., Respondents. — Appeal by plaintiffs from an order of the Supreme Court, Kings County, dated October 7, 1969, which denied their motion for reargument of their previous motion for a general preference. Appeal dismissed, without costs. No appeal lies from an order denying a motion for reargument. However, we have examined the record on appeal and, if the appeal were properly before us, we would have affirmed the order. Christ, Acting P. J., Rabin, Munder, Martuscello and Benjamin, JJ., concur.

■ JOANNE CAPPELUTI, an Infant, by FRANK D. CAPPELUTI, Her Guardian ad Litem, et al., Respondents, v. EDDIE SKIFFER et al., Respondents, and DONNA M. TRULAND et al., Appellants. (Action No. 1.) (And Two Other Actions.) — Order of the Supreme Court, Nassau County, dated October 29, 1968, affirmed insofar as appealed from, without costs. No opinion. By order of the City Court of the City of Long Beach, dated May 9, 1969, the title of the action in that court which is involved in this appeal (as Action No. 3) was amended by substituting Della I. Baggett, administratrix of the estate of Ardell Baggett, deceased, as plaintiff in place of Ardell Baggett. The title of the instant appeal is amended accordingly so as to substitute said administratrix for said deceased as a respondent. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.

■ ELNA FABEL, Respondent, v. HOWARD FABEL et al., Appellants.— In an action (1) for determination of claims adverse to plaintiff's claim of title to certain real property and (2) for partition, defendants appeal from an order of the Supreme Court, Suffolk County, entered February 17, 1969, which (a) denied their motion to open their default in pleading and (b) appointed a referee in partition. Order reversed, on the law and the facts, with $10 costs and disbursements, and motion granted. Defendants' time to serve an answer is extended until 10 days after service upon their attorney of a copy of the order to be entered hereon, with notice of entry thereof, which answer shall name the defendants interposing such answer. The record clearly shows that defendants' default in pleading was not willful and that they assert facts as defenses which may entitle them to some form of relief. Under the circumstances, the denial of the motion to open their default constituted an abuse of discretion (D'Aliso v. Toback, 9 A D 2d 894; Long Is. Trading Corp. v. Tuthill, 243 App. Div. 617; Morabito v. Champion Swimming Pool Corp., 18 A D 2d 706; cf. CPLR 5015, subd. [a]). Brennan, Acting P. J., Rabin, Hopkins, Martuscello and Kleinfeld, JJ., concur.