Robert W. Cacace, J.
This is a motion to dismiss an information alleging a deficiency of specific allegations upon which the complaint is founded.
The specifics of the charge read as follows: “ Deponent states that at Odell Ave. and Nepperhan Ave., Yonkers, N. Y., the deponent placed one Gary Leonard aged 18 of 119 DeHaven Drive, Yonkers, N. Y. under lawful arrest for violating Section 195.05 of the Penal Law of the State of New York, and the defendants encircling the deponent and the said Leonard, allowed and permitted the said Leonard to flee from the deponent’s custody, thereby obstructing him, and preventing him from performing a function of his office.”
The statute reads as follows: “ A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function, or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act.”
The gravamen of the defendants’ motion is that no allegations of violence were made in the information, and that, as violence is a necessary corollary to the crime, the specific acts of violence must he set forth in the complaint (People v. Maddaus, 4 N Y 2d 1003; District of Columbia v. Little, 339 U. S. 1). The information, in essence, says: “ the deponent placed one Gary Leonard * * * under lawful arrest * * * and the Defendants encircling the deponent and the *272 said Leonard, allowed and permitted the said Leonard to flee from the deponent’s custody”.
Webster’s New International Dictionary, Second Edition, Unabridged, 1943 defines 1 ‘ encirclement ’ ’ as follows: “1. To form a circle about; to enclose within a circle or ring; to surround, as to encircle one in the arms.” Under this definition, an encirclement of a police officer who has just arrested the friend of 11 people, by those 11 people, could very well- be the physical interference contemplated by the Maddaus case (supra) and the statute. In fact, an encirclement by 11 people could be done in such a way as to be just as menacing as expressed threats of violence. It would seem to this court that any action which would bar á police officer from effecting a lawful arrest in a peaceable manner, or prevent a police officer from conveying a lawfully arrested person to the police station without physical interference, is proscribed by the statute. To hold otherwise would be a reversion to the days of lawlessness. If we require that the policeman be the fair, impartial and nonviolent enforcer of the law, we must also require that the public co-operate with the police in every respect, reserving the resolution of their differences with the police for the proper forum.
The only other question to be resolved is whether or not the information fairly apprises the defendants of the charge against them.
The information must set forth the specific acts constituting the offense (People v. Higgins, 165 Misc. 503). The purist could find a more precise word to describe the actions of defendants. A charge that they “enclosed” a police officer would more accurately state what the Legislature meant by their phrase “physical force or interference,” for to enclose would mean: “ To surround; to encompass; to bound, fence or hem in.” (Webster’s New International Dictionary, Second Edition, Unabridged, 1943.) The law does not require that the most precise words or the phrase which most clearly expresses the thought be required in an information, but only that the crime be alleged and the specifics set forth so that a defendant can prepare himself for trial, and so that he will not be tried again for the same offense (People v. Zambounis, 251 N. Y. 94).
Under these tests, this information is sufficient. The motion of defendants is deniedr