Patterson, J.,
dissents and votes to affirm the decision of the court below in the following memorandum: CPL 100.40 (1) provides that an information is sufficient on its face when it substantially conforms with the requirements of CPL 100.15 and the factual allegations provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information and the nonhearsay allegations of the factual part of the information and/or any supporting depositions establish, if true, every element of the offense charged and defendant’s commission thereof. The law does not demand that the most precise words or phrases which most clearly express the thought be required in an information, but only that the crime be alleged and the specifics be set forth so that a defendant can prepare himself for trial, and so that he will not be tried again for the same offense (People v Zambounis, 251 NY 94; People v Shea, 68 Misc 2d 271). The failure to comply with this requirement is a nonwaivable jurisdictional defect (see, People v Alejandro, 70 NY2d 133).
Section 482 of the Judiciary Law reads as follows:
“§ 482 Employment by attorney of person to aidi, assist or abet in the solicitation of business or the procurement through solicitation of a retainer to perform legal services
“It shall be unlawful for an attorney to employ any person for the purpose of soliciting or aiding, assisting or abetting in the solicitation of legal business or the procurement through solicitation either directly or indirectly of a retainer, written or oral, or of any agreement authorizing the attorney to perform or render legal services.”
The facts as alleged in the accusatory instrument do not establish that the defendant employed the informant to solicit clients on defendant’s behalf. Rather, as Judge McKay noted in his decision, “there is a difference between active solicitation of a client and the mere passive referral of such client.” Solicita- *1007 tian, at a minimum, requires some affirmative act on the part of the solicitor to persuade the client to employ a specific attorney. In the case at bar, the accusatory instrument is devoid of factual allegations establishing that the “undercover” was “solicited” by the informant.
The People argue that the terms “solicitation” and “referred” are, for the purposes of the statute, synonomous. In support of their position they cite Matter of Kronenberg (136 AD2d 264), People v Schneider (20 AD2d 408) and People v Kramer (132 AD2d 708, affd 72 NY2d 1003).
Matter of Kronenberg (supra) involved a disciplinary proceeding wherein the respondent was suspended from the practice of law as a result of his plea of guilty to a violation of section 482 of the Judiciary Law. Thus, the reference by the court to defendant’s entering into an arrangement with a certain employee of the New York City Police Department, whereby the employee would “refer” cases to the respondent, is not disposi-tive as defendant had previously entered a guilty plea to the violation of the Judiciary Law.
People v Schneider (supra) involved an insurance agent who was convicted of violating former section 270-a of the Penal Law which made it unlawful “to make it a business so to solicit [employment for an attorney].” The attorneys, who were tried jointly with Schneider, were acquitted. The Appellate Division, First Department, reversed the judgment of conviction. The Appellate Division therein stated “[t]he term ‘solicitation’ is an elastic one and its meaning in this context must be derived from the history of the statute and the relevant decisional law” (supra, at 410). The Court noted that subsequent statutes were enacted to prevent “ambulance chasing” and kindred activity thereby extending the prohibition well beyond the “business of solicitation.” The Court went on to state that the statute applies where there is a prior arrangement between lawyer and layman for the recommendation of legal business, or where there is giving and receiving of any compensation for such recommendation. The statute under discussion was former section 270-a of the Penal Law, the predecessor of section 479 of the Judiciary Law, which renders it unlawful for any layman to solicit business on behalf of an attorney. This case might support charging the informant herein with violating section 479 of the Judiciary Law, and defendant with a violation of section 482 of the Judiciary Law. However, the Court of Appeals in Matter of Koffler (51 NY2d 140, 146, cert denied 450 US 1026), which also involved a violation of Judiciary Law § 479, defined *1008 “solicit” as “to move to action, to endeavor to obtain by asking, and implies personal petition to a particular individual to do a particular thing (Webster’s Third New International Dictionary, p 2169; Black’s Law Dictionary [5th ed], pp 1248-1249).” The accusatory instrument fails to contain any allegations tending to establish a “solicitation” by defendant.
People v Kramer (supra, at 709), unlike the case at bar, involved an attorney who employed a “network of ‘chasers’ who referred automobile accident victims to his law office.” The “chasers” therein included two truck operators and insurance brokers.
In the case at bar, there is no allegation that the informant ever engaged in, or offered to engage in, such wrongful conduct or exert pressure towards the potential client on his own, or on behalf of, or at the insistence of defendant. Moreover, there is no allegation that the defendant directed the informant to recruit legal business for him. Rather, all that is alleged is that the informant referred legal business to defendant and thereafter received a fee from defendant. While this behavior may violate the Code of Professional Responsibility (see, Code of Professional Responsibility DR 3-102 [22 NYCRR 1200.17] [Dividing legal fees with a nonlawyer]), it did not, as the Criminal Court noted, rise to the level of a violation of section 482 of the Judiciary Law.
In view of the foregoing, it is not necessary to pass on the constitutionality of the statute addressed by the majority.
Kassoff, P. J., and Chetta, J., concur; Patterson, J., dissents in a separate memorandum.