THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANTHONY DE GIRONIMO, Defendant.

Court of Special Sessions of Town of New Castle, Westchester County, December 7, 1939.

No appearance for the plaintiff.

*Henry Cappelli*, for the defendant.

Hicks, J. The information states that defendant " did commit the crime of speeding in violation of paragraph b of subdivision 1 of section 56 of the Vehicle and Traffic Law by wrongfully, unlawfully, willfully and knowingly operating a motor vehicle on the public highway at a rate of speed exceeding forty miles per hour for a distance greater than one-quarter mile."

Defendant's objection to the form of the information was well taken. It omits an essential element of the offense described by section 56. The statute does not prohibit a speed of more than forty miles per hour. It requires operators of motor vehicles to drive in a careful and prudent manner and provides that a rate of speed greater than forty miles per hour for a distance of one-fourth of a mile is presumptive evidence of careless and imprudent driving. The information is fatally defective in failing to charge the defendant with careless and imprudent driving. The same question arose in *People* v. *Payne* (71 Misc. 72), where the court said (at p. 75): " The informations do not allege that the defendants were driving their automobiles *carelessly and imprudently*. * * * It is merely stated, in substance, that the defendants were driving * * * at a rate of speed exceeding thirty miles an hour * * *. This is obviously no violation of the statute, as the informations have failed to charge the defendants with a violation of either of the essential provisions of the statute, namely, *that they were driving carelessly and imprudently* or that they were exceeding a speed of thirty miles an hour for a distance of one-fourth of a mile." (Italics supplied.) (See, also, *People ex rel. Dixon* v. *Lewis*, 276 N. Y. 613.)

Even if the information contained the essential words " carelessly and imprudently " its form would be insufficient to support a conviction upon the evidence in this case. The relevant evidence consists of complainant's testimony that defendant drove for more than one-half of a mile at a speed exceeding forty miles per hour; the defendant's testimony that his automobile was in good repair, that traffic was moderate and that the highway was smooth, free from obstructions, crosswalks and pedestrians and complainant's rebuttal testimony, to which counsel objected that there was heavy traffic on the highway.

The information does not mention heavy traffic. It relies, for proof of careless and imprudent driving, upon the presumption alone. When complainant testified to defendant's speed the presumption operated to establish *prima facie* proof of careless and imprudent driving. However, under the well-settled rules of evidence applicable to presumptions, the presumption of careless and imprudent driving vanished when defendant contradicted it by testifying to the safe condition of his vehicle and of the highway. In my opinion, the People could not revive the presumption by rebuttal testimony indicating that hazardous traffic conditions existed. Defendant's evidence caused the presumption to disappear entirely. (5 Wigmore on Evidence [2d ed.], § 2491.) From that point on the case was as free from the presumption as though it had never existed. Professor Wigmore said: " It must be kept in mind that the peculiar effect of a presumption ' of law ' * * * is merely to invoke a rule of law compelling the jury to reach the conclusion *in the absence of evidence to the contrary from the opponent.* If the opponent *does* offer evidence to the contrary * * * *the presumption disappears as a rule of law.*" (Italics supplied.)

Similarly, the United States Supreme Court in construing a State statute that raised a presumption of negligence where damages were inflicted by the operation of railroad cars, said: " The only legal effect of this inference [of negligence] is to cast upon the railroad company the duty of producing *some evidence to the contrary.* When that is done *the inference is at an end,* and the question of negligence is one for the jury upon all of the evidence." (*Mobile, J. & K. C. Railroad Co.* v. *Turnipseed,* 219 U. S. 35, 43.) (Italics supplied.)

Once the presumption was removed from the case at bar the only evidence of careless and imprudent driving was complainant's testimony respecting defendant's speed and the traffic conditions. As the information is silent on the subject of traffic conditions, a conviction resting upon such testimony under such an information would constitute a clear variance from the charge.

The Court of Appeals has held that an information must state the offense and the acts constituting the offense. (*People* v. *Grogan*, 260 N. Y. 138, 142.) The information must set forth the specific acts constituting the alleged offense and may not leave them to be supplied by conjecture. (*People* v. *Higgins*, 165 Misc. 503.) The defendant must be clearly apprised of the acts with which he is charged. (*People* v. *Payne, supra*, 76.) Had the information in the case at bar charged the defendant with driving carelessly and imprudently by exceeding forty miles per hour for more than one-quarter of a mile *through heavy traffic*, the evidence of traffic conditions would have been admissible. As the case stands, there was nothing in the information to warn the defendant that he might be called upon to meet testimony relating to traffic conditions. It merely informed him that he must overcome the presumption. The basic right, characteristic of our law, to be informed of the accusation should be as jealously guarded where the offense involves traffic infranctions as in the case of crimes. The majority of the public is concerned daily with laws relating to motor vehicle operation. It is important, for the individual's protection as well as for the proper enforcement of traffic regulations, that the rights of defendants and the obligations of the prosecuting officials be respected.

The Legislature had the power to forbid a speed greater than forty miles per hour. It did not do so by section 56. Ample speed limitations are provided by other laws. Local ordinances define prohibited speeds in congested municipalities. By a recent amendment the Vehicle and Traffic Law provides for the establishment of maximum speed limits within marked and designated speed zones (Vehicle and Traffic Law, § 95-c, as added by Laws of 1936, chap. 910), and persons exceeding such speed limits may be prosecuted under that statute without reference to subdivision 1 of section 56. (Op. Attorney-Gen. [1937] p. 207.) A county ordinance, under which this defendant might have been prosecuted, prescribes a maximum speed of forty miles an hour for the parkway on which he was traveling. Paragraph b of subdivision 1 of section 56 was not intended to be used as a maximum speed regulation and an information drawn under it which alleges no acts of careless and imprudent driving beyond the presumption of carelessness arising out of speed, will not support a conviction when the defendant offers any evidence of careful driving.

I regret that I am constrained, for the foregoing reason, to grant the motions to dismiss and to discharge the defendant. He was driving too fast and without regard for the safety of others. Under a proper information the evidence would have warranted his conviction.