Richard I. Mtjlvey, J.
The defendants move to dismiss the information charging them with a violation of the Ithaca City Code of Ordinances (art. 16, § 16-12, subd. B), “ No person shall play, operate or use, or cause to be played, operated or used, *849 any mechanical instrument, radio or wireless, speaker or horn, or any other instrument, device or thing in the city so as to disturb the peace and quiet of any neighborhood”, on the grounds that:
“ (1) the facts stated do not constitute an offense, violation or crime;
“ (2) said information does not contain a plain and concise statement of any action constituting a violation of the stated sections of the Ithaca City Code of Ordinances.
The pertinent part of the information reads as follows: ‘1 in that they did play, operate and use, and cause to be played, operated and used, a mechanical instrument or other device from its building at the corner of North Tioga and Seneca Streets in the City of Ithaca, New York, which instrument or device is known as an electric carillon and which emits loud noises which disturb the peace and quiet of a large part of the City of Ithaca ”.
I find that the facts alleged, if true, would constitute an offense and a violation of section 16-12 of the Ithaca City Code and I also find that the said information does contain a plain and concise statement of actions constituting a violation of the stated sections of the Ithaca Code.
It must be remembered that the defendants here are not being charged with a crime but an offense, i.e., a violation of the City Code. Courts in New York State have long noted the procedural distinctions between crimes and minor offenses.
The Court of Appeals in People v. Hippie (263 N. Y. 242 [1934]) stated, “ a complaint in the Magistrates’ Court charging disorderly conduct need not state the name of the crime, the ‘ particular offense,’ with the exactness required of an indictment or an infraction ’ ’.
The Appellate Division, Third Department, in the case of People ex rel. Jackson v. Fennelly (5 A D 2d 71, 73 [1957]) stated, ‘ ‘ the complaint before a magistrate charging vagrancy or other ‘ petty offenses ’ is more informal in its technical requirements than an information charging a misdemeanor.”
However, even if we were to equate the procedural requirements for “ disturbing the peace and quiet ” to those applying to misdemeanors, we would regard the complaint or information here as sufficient. As Van Voobhis, J., noted in People v. Love (306 N. Y. 18, 23), “ All that is necessary is that the information shall state the crime charged with such accuracy that the defendant may know the offense which it is claimed he has committed * * * However awkwardly an information may be drawn, if it charges an offense known to the law and states acts done by the accused that constitute it, that will be sufficient ”.
*850 The defendants in this case are sufficiently informed of the charges against them and the acts constituting the charge.
The complaint is sufficient both to enable them to prepare for trial and also to prevent them from again being tried for the same offense.
Defendants’ motion to dismiss denied.
Case ordered for trial.