Oscar. 'Mtjrov, J.
Defendant is charged with violations of chapter 7, section 705, subsection 12.6, of the Public Assembly Ordinance of the Town of Babylon. The informations allege that the defendant ‘ ‘ did, at the Great 110, Inc. * * * as owner, operator, agent, lessee or person in control of a place of public assembly permit a female person, who comes in contact or is likely to come in contact with patrons of said business establishment, to appear in the presence of such patrons with her breasts uncovered, and did permit such female to appear in a .sketch, scene or act, with her breasts uncovered in the presence of patrons of said establishment.”
It is the defendant’s contention that the ordinance under which he is charged is void in that it is beyond the power of the Town of Babylon to enact, and that as a result the action against him should be dismissed. Defendant further contends that subsection 12.6 of the said ordinance is unconstitutional “because it is void for vagueness of language and does not denote with any degree of specificity the nature of the offense or when it has been committed.”
In opposition, the People submit that the ordinance in question is a valid exercise of the power of the Town of Babylon to license and regulate places of public assembly.
Section 2 of article IX of the Constitution of the State of New York provides in subdivision (c) that “ In addition to powers granted in the statute of local governments or in any other law * * * (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government * * * (10) * * # protection, order, conduct, safety, health and well-being of persons or property therein. ’ ’
As stated in Wholesale Laundry Bd. of Trade v. City of New York (43 Misc 2d 816, 819), “ in order to be valid, a local law, not relating to the property, affairs or government of the locality, must (1) be consistent with ‘ any general law ’ on the subject of the local law, and (2) not be expressly prohibited or restricted by the Legislature. The contention that a local law is valid unless there is an express legislative restriction against its adoption overlooks the clear additional requirement of the Constitution that the local law must also be ‘ not inconsistent with any general law ’ on the same subject.” (Emphasis in original.)
*575 For the sake of clarity the relevant .sections of the New York Penal Code and the ordinances of the Town of Babylon will be reproduced below.
Section 245.01 of the Penal Law reads as follows: “ A female is guilty of exposure when, in a public place she appears clothed or costumed in such a manner that the portion of her breast below the top of the aureola is not covered with a fully opaque covering. This subdivision shall not apply to any female entertaining or performing in a play, exhibition, show or entertainment.”
Section 245.02 of the Penal Law: “ A person is guilty of promoting the exposure of a female when he knowingly conducts, maintains, owns, manages, operates or furnishes any public premises or place where a female appears clothed or costumed in such a manner that the portion of her breast below the top of the aureola is not covered with a fully opaque covering. This subdivision shall not apply where such female is entertaining or performing in a play, exhibition, show or entertainment.”
Babylon Town Ordinance chapter VII, section 705, subsection 12.6 reads as follows: “ No person operating a place of public assembly, although not required to be licensed under this local law, shall permit any waitress, barmaid or any other person who comes in contact, or is likely to come in contact with the patrons of such place of public assembly to appear in the presence of such patrons with breasts or the lower part of the torso uncovered, or so thinly covered or draped as to appear uncovered; or shall permit any person to appear in any scene, sketch or act with breasts or the lower part of the torso uncovered or so thinly covered or draped as to appear uncovered.”
Defendant contends that since the New York Penal Law specifically exempts from coverage any 1 ‘ female entertaining or performing in a play, exhibition, show or entertainment ’ ’ (§ 245.01), and also exempts the promoter “ where such female is entertaining or performing in a play, exhibition, show or entertainment” (245.02), section 705, subsection 12.6 of the Babylon Town Ordinances is not consistent with a general law of the State of New York and is therefore void.
The term “ general law” is defined by the New York Constitution as a “ law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages.” (N. Y. Const., art. IS, § 3, subd. [d], par. [1].)
There can be little doubt that article 245 of the New York Penal Law is such a general law as was contemplated by the *576 definition quoted above. Nothing in the statute in any way qualifies its coverage; it relates to a matter of State concern and applies to all localities. As such, should section 705, subsection 12.6 of the Babylon Town Ordinance prove to be inconsistent with the Penal Law, it must be found to be an unwarranted usurpation of State legislative power.
The People rely principally upon the case of People v. Lewis (295 N. Y. 42). It is their contention that this case stands for the proposition that the ‘1 mere fact that the State may have legislated covering a part of an area of the law and excepts part from coverage, does not give .rise to State preemption in the area so excepted.”
A close reading of the Lewis case (supra), however, reveals that therein, ‘ ‘ the only suggestions of inconsistency are predicated upon the imposition of penalties, for violation of the Price Administrator’s regulations, in excess of those imposed by the New York State War Emergency Acts The court continued stating that the “ differences between the State law and the local law are not of such a character as to render one inconsistent with the other. The local law supplements the State law by providing heavier penalties for black-market transactions in New York City. * * * The local law prohibits nothing that the State law permits ’ ’ (People v. Lewis, 295 N. Y. 42, 50-51; emphasis added).
In the case at bar, Babylon Town Ordinance section 705, subsection 12.6, does indeed attempt to prohibit that which the State law permits. Such inconsistency cannot be justified. Even granting, as the People contend, that the Town Board had the power to license and regulate places of public assembly, without a showing of special conditions, the Town Board could not adopt regulations in addition to the general regulations of the State. As stated in Matter of Kress & Co. v. Department of Health (283 N. Y. 55, 59) “ A municipality which is empowered to adopt health regulations may, in spite of general regulations by the State, adopt additional regulations or requirements where there is a real distinction between the city and other parts of the State. They must be based upon special conditions existing in the city.” (Emphasis added.)
In the present case no such “ special conditions ” have been alleged by the Town of Babylon. Belying upon its power to license and regulate places of public assembly the Town Board has attempted to prohibit an activity which the State has excepted from prohibition. Other avenues than that of the present legislation are available to the Town of Babylon if it wishes- to implement a change in the policies of the State. *577 Until such time as a change does occur, article 245 of the Penal Law must be regarded as the law.
The question of whether topless “ dancing ” is a constitutionally protected right need not here concern us. It is sufficient to note that, as the State has not prohibited such entertainment, local governments may not pass legislation inconsistent therewith.
That portion of Babylon Town Ordinance chapter VII, section 705, subsection 12.6 which prohibits persons ‘ ‘ operating a place of public assembly” to “permit any person to appear in any scene, sketch or act with breasts or the lower part of the torso uncovered, or so thinly covered or draped as to appear uncovered ”, must, therefore, be held void as beyond the power of the town to enact.
The defendant’s further contention that subsection 12.6 of section 705 is unconstitutional “because it is void for vagueness ” is not without some merit. It is a general rule that a 11 statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.” (9 N. Y. Jur., § 335; see, also, Trio Distr. Corp. v. City of Albany, 2 N Y 2d 690; People v. Cilento, 2 N Y 2d 55.)
The meaning of the language ‘ ‘ or any other person who comes in contact, or is likely to come in contact with the patrons of such place of public assembly ”, as employed by the ordinance in question is not clear. How close must such “ other person ” be before she is “likely to come in contact with the patrons of such place of public assembly ”1 Is six feet too close ? Four feet? Arm’s length? It is obvious that “ men of common intelligence ” can and would “ differ as to its application ”,
The language above quoted is vague and uncertain, and while not passing upon this issue, the court does, however, suggest that that portion of the ordinance should be reconsidered in light of the discussion herein.
It must further be noted that the information upon which the action was brought is defective. An information must set forth the specific acts constituting the alleged offense and may not be left to be supplied by conjecture. (People v. Higgins, 165 Misc. 503; People v. De Gironimo, 172 Misc. 1100.) The present information is couched in the language of the statute; it sets forth no facts which would constitute a violation of the ordinance. As is stated in People v. Rockwell (123 N. Y. S. 2d 201, 203), “It is well established, that an information in addition to setting forth the statutory language must also *578 allege the particular acts, constituting the violation. People v. Schultz, 301 N. Y. 495, 95 N. E. 2d 815.”
It should be added that although the information charged that the defendant1 ‘ did * * * permit a female person who comes in contact or is likely to come in contact with patrons of (his) business establishment, to appear in the presence of ■such patrons with her breasts uncovered ’ ’, no evidence to such effect was adduced at trial. Hence, even should that portion of the information be deemed good, the People may be said to have failed in their burden of proof by failing to show any contact or any likelihood of contact between the performer and the patrons.
It is also the holding of this court that that portion of Babylon Town Ordinance, chapter VII, section 705, subsection 12.6, which prohibits persons operating a place of public assembly to ‘1 permit any person to appear in any scene, sketch or act with breasts or the lower part of the torso uncovered, or so thinly covered or draped as to appear uncovered ”, is void as an unwarranted exercise of the power of the Town of Babylon and in direct conflict with the New York Penal Law sections 245.01 and 245.02.
For the above reasons the court feels constrained to grant defendant’s motion and to dismiss the complaints.