■ ABBOTT HOUSE et al., Plaintiffs, v. VILLAGE OF TARRYTOWN et al., Defendants.— This is an action for a declaratory judgment upon a submission of agreed facts, pursuant to CPLR 3222, to determine whether plaintiffs can utilize a parcel of realty in the Village of Tarrytown as an " agency boarding home " as defined in subdivision 16 of section 371 of the Social Services Law, in view of the Zoning Ordinance of the Village of Tarrytown, which defendants contend bars such a use. Judgment granted in favor of plaintiffs,

with costs; and it is adjudged and decreed that (1) the present use of premises No. 16 Deertrack Lane, Tarrytown, New York, i.e., as an agency boarding home as defined in subdivision 16 of section 371 of the Social Services Law, in which premises six children have been placed and are residing, is lawful; (2) the Zoning Ordinance of the defendant Village of Tarrytown is void insofar as it purports to prohibit said use of said premises; and (3) the notice of violation issued by the defendant Building Inspector of the Village of Tarrytown, dated February 24, 1968, is invalid. Plaintiff Abbott House is an authorized agency under the Social Services Law. It operates on a nonprofit charitable basis and is supervised by the State Board of Social Welfare. Its main purpose is caring for neglected and abandoned children. Pursuant to sections 371 (subd. 16) and 374-b of the Social Services Law, Abbott House rented a one-family residence in Tarrytown and, after careful selection, placed therein two groups of neglected and abandoned siblings, numbering four and two, respectively. The children were placed under the care of a married couple who lived in the house with them. The couple was also selected after careful deliberation. The sibling groups are unrelated to each other or to the couple caring for them. The aim of the agency boarding home is to give these neglected children a family atmosphere within which they can develop and mature. The maximum number of children allowed in a given agency boarding home under section 374-b is six, unless the siblings are from only one family, in which case there is no maximum. The whole program is supervised by the State Board of Social Welfare and financed in large measure by the State. It is consistent with the historical function of the State to care for neglected children (N. Y. Const., art. VII, § 8, subd. 2). The Zoning Ordinance of Tarrytown defines its residential areas in terms of family size units. It further defines the term "family" in terms of marriage, blood or adoption (§ 2, subd. 8). The Ordinance permits a nonrelated group to be considered as a family for zoning purposes only after a permit has been issued therefor. Such a group can have a maximum of five members (thus allowing only three neglected children in an agency boarding home [plus two adults], for the purposes of plaintiff's program). Accordingly, a notice of violation of the ordinance was issued by defendant to plaintiff. It is clear that this Zoning Ordinance has the effect of totally thwarting the State's policy, as expressed in its Constitution and Social Service Law, of providing for neglected children. We are therefore of the opinion that the Tarrytown Zoning Ordinance, insofar as it conflicts and hinders an overriding State law and policy favoring the care of neglected and abandoned children, is void as exceeding the authority vested in the Village of Tarrytown (*Jewish Consumptives' Relief Soc.* v. *Town of Woodbury*, 230 App. Div. 228, affd. 256 N. Y. 619). The disputed use of the one-family house by the six children and the married couple placed therein is lawful and the notice of violation issued by defendants to plaintiff Abbott House is invalid. Consequently, we do not have to reach the constitutional questions of denial of due process and equal protection raised by plaintiff. Rabin, Acting P. J., Martuscello, Brennan and Benjamin, JJ., concur; Munder, J., concurs in result.