Oscar Murov, J.
The defendant is charged with violating article III, section 4-69, paragraph (b), of the Code of the Town of Babylon, on two separate occasions, namely, on August 15, 1970 and August 16, 1970. The acts complained of are that he as owner, agent, lessee in control of the premises known as *681 the Oak Beach Inn did permit the sound of music emanating from said premises to be 'audible beyond the property line of said premises so as to disturb, annoy, or endanger the comfort, health and peace of public and adjoining property owners. After a trial on said charges the defendant has moved to dismiss on the grounds that section 4r-69 is unconstitutional, and also because the People at the trial failed to show that the defendant was in any way related to the music or had any knowledge of it.
Article III, section 4-69, paragraph (b), of the Code of the Town of Babylon provides: “No music shall he played in any place of public assembly licensed hereunder either by mechanical device or live performance in such a manner that the sound emanating therefrom shall be audible beyond the property line of the premises whereon the place of public assembly is located. At no time shall music be played either by mechanical device or live performance in a manner which annoys, disturbs, injures, endangers, or tends to annoy, disturb, injure or endanger the comfort, repose, health, peace or safety of other persons or the public. ’ ’
Subdivision (a) of section 4-71 of the Code of the Town of Babylon entitled, “ Violations and Penalties ” provides“ Any person who shall violate any provision of this article or any of the rules and regulations adopted by the building inspector pursuant to this article shall be guilty of a violation punishable by a fine not exceeding five hundred dollars ($500), or imprisonment for a period not to exceed fifteen (15) days, or both. Each day’s continued violation shall constitute a separate violation. ’ ’
It is well established that legislative enactments carry a strong presumption of constitutionality (Paterson v. Univ. of State of New York, 14 N Y 2d 432; Martin v. State Liq. Auth., 43 Misc 2d 682, affd. 15 N Y 2d 707). While this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt. Every intendment is in favor of validity and a party alleging unconstitutionality has a heavy burden. The court will only strike down a legislative enactment as a last resort (Matter of Van Berkel v. Power, 16 N Y 2d 37; Martin v. State Liq. Auth., supra).
The defendant’s first constitutional argument is that the ordinance fails to state a standard of enforcement. This argument is without merit as section 4 — 69 specifically states that music played in any place of public assembly violates the law if it is audible past the property line of the premises from which the music is emanating. The standard, therefore, is audibility past *682 the property line of the premises, where the music is being played.
The defendant’s second constitutional argument is that the ordinance is discriminatory and a denial of equal protection of the law because it regulates music and no other noise. The ordinance does in fact regulate other types of noise in subdivision (a) of section 4-69 which provides that “ no loud, unnecessary, or unusual noise or any noise shall be permitted to be made, continued, or caused to be made or continued, which either annoys, disturbs, injures or endangers, or tends to annoy, disturb, injure, or endanger the comfort, repose, health, peace or safety of other persons or the public.” Subdivision (a) of section 4-69 does not restrict itself to music but generally refers to any type of noise.
In Corpus Juris Secundum, Nuisances (vol. 66, § 63) the following words are stated: ‘ ‘ Music or the playing of a musical instrument is not per se a nuisance. It may be or become a nuisance, whether it is vocal or instrumental, and whether it is classical or jazz, as, for instance, by reason of the noise it makes to the annoyance of the neighborhood, or where it continues for such long and frequent periods as to affect the nervous systems of the average normal individuals in the locality, and, also, if its tendency is to bring together in the vicinity of a person’s residence or place of business large crowds of noisy and disorderly people.”
In People v. Rubenfeld (254 N. Y. 245) the New York Court of Appeals held that evidence showing that the defendant managed a business in a building from which came the sounds of revelry, tumult, shouting, drums and brasses at night, thereby disturbing the sleep of dwellers in the neighborhood, was sufficient to sustain a conviction for maintaining a public nuisance under subdivision 1 of section 1530- of the Penal Law. In reaching this decision against the defendant who held dances, weddings and entertainments in a building located in a residential area the court in its opinion written by Cabdozo, Ch. J., stated (p. 248): “Long ago it was adjudged that one dwelling in a city who with the aid of a speaking trumpet, made great noises in the night time to the disturbance of the neighborhood must answer to the King (Rex v. Smith, [1726] 2 Strange, 704).”
In Peters v. Moses (259 App. Div. 307) an action was brought to enjoin the operation of an outdoor dance pavilion, which played outdoor music. The Appellate Division, First Department upheld the decision of the Supreme Court at Special Term (171 Misc. 441) that there were noises incidental to the playing of outdoor music by the defendant’s orchestra which *683 disturbed the peace of the neighborhood in violation of section 435-5.0 of the Administrative Code of the City of New York.
The defendant’s next constitutional argument is that the subject of excessive noise regulation is pre-empted by section 240.45 of the Penal Law (Criminal nuisance) under the reasoning laid out by this court in the “ Topless case ” (People v. Conte, 64 Misc 2d 573). In the Conte case (supra) the court held that the portion of the Babylon Town Ordinance, chapter 7, section 705, subsection 12.6, which conflicted with sections 245.01 and 245.02 of the Penal Law was an unwarranted exercise of the power of the Town of Babylon. The reason that it was an unwarranted exercise of the town’s power is that it conflicted with the Penal Law, which is a general law. The conflict was that the town ordinance did not allow topless dancing under any circumstances, such as performing in a show or exhibition.
Section 240.45 of the Penal Law entitled “Criminal nuisance”, provides, “A person is guilty of criminal nuisance when: 1. By conduct either unlawful in itself or unreasonable under all the circumstances, he knowingly or recklessly creates or maintains a condition which endangers the safety or health of a considerable number of persons; or 2. He knowingly conducts or maintains any premises, place or resort where persons gather for purposes of engaging in unlawful conduct. ’ ’
Hnlike the situation in People v. Conte (supra), the words of the Penal Law concerning criminal nuisance do not conflict with the words of the Code of the Town of Babylon. There is nothing permitted in section 240.45 of the Penal Law which is prohibited by section 4-69 of the Babylon Code. Also there is nothing specifically prohibited by said Penal Law section which is permissible under the Babylon Code.
The courts of New York 'State have enforced local ordinances regulating noise, despite an antinuisance section in the Penal Law. In People v. Ithaca Sav. Bank (57 Misc 2d 848) the City Court of Ithaca enforced a section of the Ithaca City Code which provided that ‘ ‘ no person shall play, operate, or use, or cause to be played, operated or used, any mechanical instrument, radio or wireless, speaker or horn, or any other instrument, device or thing in the city, so as to disturb the peace and quiet of any neighborhood ”. The Appellate Division, First Department in the case of Peters v. Moses (supra) enforced the anti-noise provisions of the Administrative Code of the City of New York.
Finally, the defendant’s contention, that the People failed to show that he was in any way related to the music complained of or had any knowledge of it, is also without merit. He *684 admitted in his testimony at the trial of this matter that he is the principal officer and sole stockholder of the Oak Beach Inn Corporation, the owner of the premises from which the music emanated. The defendant also testified that he manages the Oak Beach Inn’s business. Said testimony certainly shows that the defendant was related to and had knowledge of the music being played at the Oak Beach Inn.
The court finds that the People have established the guilt of the defendant for the two violations of article III, section 4-69, paragraph (b) of the Code of the Town of Babylon beyond a reasonable doubt. Defendant is requested to appear before the court on November 10,1970 at 9:30 a.m. for the purpose of being sentenced.