KINDERMANN FIREPROOF STORAGE WAREHOUSES INC., Suing on Behalf of Itself and All Others Similarly Situated Movers of Household Goods Operating in New York City Pursuant to Certificates of Public Convenience and Necessity Issued by the New York State Public Service Commission and/or Department of Transportation, Appellant, *v.* CITY OF NEW YORK et al., Respondents.

First Department, June 27, 1972.

*Roy L. Zisser* of counsel (*Brodsky, Linett & Altman,* attorneys), for appellant.

*Nina G. Goldstein* of counsel (*Stanley Buchsbaum* with her on the brief; *J. Lee Rankin, Corporation Counsel*), for respondents.

STEUER, J.   The action, brought by a mover of household goods against the City of New York and the Commissioner of Consumer Affairs, seeks relief in regard to certain sections of the Administrative Code of the City of New York. The complaint contains four causes of action. The first seeks a declaratory judgment to the effect that the sections in question, article 15 of chapter 32 of the Administrative Code, as amended in Local Law No. 68 of the Local Laws of 1968 (hereinafter referred to as the ordinance) are invalid. The remaining causes of action seek relief in connection with the license fee fixed by the ordinance — a declaration that it is excessive; a suit for the amount of the excess paid, and a class action on behalf of other movers. Special Term granted summary judgment to the defendant, dismissing the first cause of action, and denied the application as to the remaining causes of action. Only the dismissal is appealed from.

Preliminarily, Special Term was in error in dismissing the cause of action. It was perfectly proper for plaintiff to seek a declaration. Granting this, the proper disposition on a motion for summary judgment, if no issue of fact is presented, is to make a declaration (*Lanza v. Wagner,* 11 N Y 2d 317, 334). Here the court evidently intended to declare the ordinance valid and we will assume that it so decided.

The grounds for a declaration of invalidity are that the State has pre-empted the field and that, hence, any portended regulation of the activity is forbidden. A brief review of the legislative action is in order. Up until 1955 carriers of household goods within the limits of New York City were exempt from regulation by the Public Service Commission although other motor carriers of property were not. In that year (L. 1955, ch. 834, § 2) the exemption of carriers within the city was eliminated, and they were included within the carriers regulated by the statute (Transportation Law, § 160, subd. 3, par. [c]). Such carriers are subject to the regulation of the State Commissioner of Transportation as to the service they supply, their methods of operation, including equipment and keeping of records (§ 161, subd. 1, par. [b]); and they must obtain a certificate showing a public necessity for the service (§ 162) and pursuant to it a permit (§ 165). They must file whatever bonds the Commissioner may direct, to pay liability judgments against them; and they must file and publish their rates and tariffs (§ 172). No variation in the charges so fixed is permitted (§ 173). In addition, there are detailed provisions in regard to the same.

From the above it is beyond cavil that the State has undertaken the regulation of carriers of household goods within the city limits. However, this does not in and of itself prohibit the city from dealing with the same subject matter. To effect a prohibition there must be found in the State law an intention to occupy the entire field to the exclusion of all other regulation (*People v. Lewis,* 295 N. Y. 42, 51). "A municipality which is empowered to adopt health regulations may, in spite of general regulations by the State, adopt additional regulations or requirements where there is a real distinction between the city and other parts of the State. They must be based upon special conditions existing in the city." (*Matter of Kress & Co. v. Department of Health,* 283 N. Y. 55, 59). The peculiar circumstances here presented preclude the exception, that is, a real distinction between conditions in the city and elsewhere in the State. It should be borne in

mind that the provisions of the State law as regards carriers of household goods apply only to carriers within cities of a population of one million persons or more. So it is only carriers operating within New York City that are affected. Therefore there can be no peculiar situation in the city as distinct from the rest of the State calling for additional protection to residents of the city, as it is only the latter who receive any protection at all from the State statute.

Furthermore, the power of a municipality to enact legislation in a field covered by State legislation is limited to such legislation as is consistent with the State legislation. The municipal legislation must be supplementary and not proscribe anything permissible under State law, nor allow anything forbidden by State law (*Wholesale Laundry Bd. of Trade* v. *City of New York,* 12 N Y 2d 998; *People* v. *Lewis, supra*). In respect to movers of household goods there are numerous instances in which the ordinance offends in this regard. Noteworthy in this respect is the ordinance provision giving priority in establishing rates to be charged to agreement between the parties while the State statute provides that the tariff fixed by the commission be the basis of all charges and may not be deviated from. The local legislation is therefore inconsistent with the State legislation and cannot stand. Nor can the undoubted power of the municipality to regulate carters generally (*Matter of Barton Trucking Corp.* v. *O'Connell,* 7 N Y 2d 299) save the ordinance in respect to a particular and limited branch of that industry where regulation has been undertaken by the State. It is true that we have held that where a mover offends against both the State law and the municipal ordinance we would not interfere with the disciplinary action taken by the municipal authorities (*Matter of Beermann* v. *Di Carlo,* 27 A D 2d 724). Here, however, the challenge to the municipal regulation is direct and must be met directly. We are required to do what Special Term should have done and declare that the ordinance is invalid.

The order entered November 5, 1971 should be modified on the law by striking therefrom the first and second ordering paragraphs and substituting therefor a declaration that article 15 of chapter 32 of the Administrative Code, as amended by Local Law No. 68 of the Local Laws of 1968, is invalid, and as so modified, affirmed without costs.

McGivern, J. P., Kupferman and Capozzoli, JJ., concur.

270

Order, Supreme Court, New York County, entered on November 5, 1971, unanimously modified, on the law, by striking therefrom the first and second ordering paragraphs and substituting therefor a declaration that article 15 of chapter 32 of the Administrative Code, as amended by Local Law No. 68 of the Local Laws of 1968, is invalid, and, as so modified, affirmed, without costs and without disbursements