■ GROUP HOUSE OF PORT WASHINGTON, INC., Respondent, v BOARD OF ZONING AND APPEALS OF THE TOWN OF NORTH HEMPSTEAD, Appellant. RICHARD RAFINSKI et al., Intervenors-Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the appellant Board of Zoning and Appeals which, after a hearing, affirmed the denial of a building permit by the town building manager, the appeal is from a judgment of the Supreme Court, Nassau County, dated July 14, 1975, which, *inter alia,* annulled the determination and directed the issuance of the building permit. Judgment affirmed, without costs or disbursements. The proposed group home, in a single-family residential zoning district, would house seven young people with foster parents, who would be relieved on occasion by substitute parents, pursuant to section 374-c and subdivision 17 of section 371 of the Social Services Law, and the concomitant regulations contained in 18 NYCRR Part 11. The period of residency of the youngsters will be determined by their response to psychiatric treatment. Although the precise period of time the treatment will take is indeterminate, and may even be fairly lengthy, the goal of the facility is to return the youngsters to their parents as soon as possible. In *City of White Plains v Ferraioli* (34 NY2d 300, revg 40 AD2d 1001), the Court of Appeals held that a group

home is a "family", for purposes of certain zoning requirements, when it has an *internal* structure "akin to a traditional [biologically unitary] family, which also may be sundered by death, divorce, or emancipation of the young" (p 305) and an *external* appearance of "a relatively normal, stable, and permanent family unit, with which the community is properly concerned" (p 304). In our opinion, the proposed group home falls short of this test, for here the period of residence is not intended to be permanent. There would be a frequent disruption of the outward character of this "family", thereby defeating the purpose of the zoning ordinance to ensure a single-family neighborhood. Our holding in *Little Neck Community Assn. v Working Organization for Retarded Children* (52 AD2d 90) is not to the contrary, for that group home for retarded children was intended to be a stable environment, designed to conform to traditional family values and to be permanent in nature, where the children could develop their full potential. We affirm, however, for the reasons stated by Mr. Justice Shapiro in his dissent in the *White Plains* case (40 AD2d 1001, 1002–1003): "The State has taken hold of this entire problem and has pre-empted the right of any local government to make any laws inconsistent therewith *(Robin v Incorporated Vil. of Hempstead,* 30 NY2d 347; *Wholesale Laundry Bd. of Trade v City of New York,* 17 AD2d 327, affd 12 NY2d 998; *Kindermann Fireproof Stor. Warehouses v City of New York,* 39 AD2d 266)". The local zoning ordinance, which would prohibit the group home, is void as contrary to State policy (see *Abbott House v Village of Tarrytown,* 34 AD2d 821; *Nowack v Department of Audit & Control of State of N. Y.,* 72 Misc 2d 518; *Matter of Unitarian Universalist Church of Cent. Nassau v Shorten,* 63 Misc 2d 978, 980–981). Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur. [82 Misc 2d 634.]