OPINION OF THE COURT
Michael L. McCarthy, J.
On June 24, 1984, at 1239 Niagara Street in the City of Buffalo, Michael B. Flinn was arrested by Buffalo Police Officer Ronald Perez for a violation of section 24 of chapter 9 of the Ordinances of the City of Buffalo (Ordinance), “Resisting Officer in Discharge of Duty.”
The allegation in the information reads “the defendant did refuse to leave the area when requested several times by the officer. Officers arrived at the scene of an accident at the above location and found the individual at the back of an ambulance. The officer requested the defendant to leave the area several times and the defendant refused and [uttered an obscenity at the officer].”
The Ordinance reads: “No person shall refuse to obey a reasonable order or request of a police officer in the discharge of his regular duty; no person shall resist or interfere with any officer or employee of the City in the discharge of his regular duty.”
The defendant moved for an order dismissing the information on the grounds that the Ordinance is unconstitutional on its face. The defendant urges two theories upon which he argues the *571 statute should be voided. The first argument is that the State of New York has preempted the area of the police power sought to be exercised in the local Ordinance. Citing section 195.05 of the Penal Law, the defendant argues that there is no discretion in the localities to enact an ordinance which prohibits behavior proscribed by the obstruction of governmental administration Penal Law section.
Citing cases where local ordinances dealt with abortions; local licensing; regulation of gambling devices and establishments; common carriers; and topless go-go dancers, he concluded that, since those cases found that the State had removed the regulation of those matters from the localities through the passage of State legislation, the State has similarly preempted the field here through the passage of section 195.05 of the Penal Law. (See Kim v Town of Orangetown, 66 Misc 2d 364; Robin v Incorporated Vil. of Hempstead, 30 NY2d 347; City of Utica v Mercon, Inc., 71 Misc 2d 680; People v Wilkerson, 73 Misc 2d 895; Kindermann Fireproof Stor. Warehouses u City of New York, 39 AD2d 266; People v Conte, 64 Misc 2d 573.)
The gravamen of section 195.05 of the Penal Law is the prohibition of an intentional obstruction by means of intimidation, physical force or interference or by means of any independently unlawful act.
The gravamen of the Ordinance is the refusal of the request of an officer made in the discharge of his regular duty. It would appear, on its face, that there is room in the area of the type of conduct proscribed by section 195.05 of the Penal Law for the implementation of local legislation which would restrict less serious behavior than that proscribed by section 195.05.
A person could still be guilty of an ordinance violation for failure to make room for an accident victim by joining a crowd around that victim where his behavior would not be sufficiently intentional to violate section 195.05 of the Penal Law. Thus, it would appear that there is room for the enactment of a local ordinance of the type contemplated under the Ordinance. Therefore, it is this court’s determination that the State Legislature did not preempt the field by the enactment of section 195.05 of the Penal Law. Further, since the purpose of the local Ordinance is not in conflict with the purpose and language of the Penal Law statute, it is not void as in conflict with State law.
The defendant’s second argument is that the Ordinance is void as unconstitutionally vague. There are many principles which guide the courts when asked to examine the constitutionality of a statute. It has been said that the court, of first instance, should *572 not seek to set aside a legislative enactment unless that statute is unreasonable, arbitrary and a conclusion of unconstitutionality inescapable. (See, e.g., People v Webb, 78 Misc 2d 253; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd a.)
Further, it has been held that there is an “exceedingly strong presumption” that the local law enacted is constitutional. (See Holt v County of Tioga, 56 NY2d 414; Lighthouse Shores v Town of Islip, 41 NY2d 7; Marcus Assoc. v Town of Huntington, 45 NY2d 501.)
The presumption of constitutionality is rebuttable. However, unconstitutionality must be demonstrated beyond a reasonable doubt. (Kurzius Inc. v Incorporated Vil. of Upper Brookville, 51 NY2d 338, cert den 450 US 1042.)
The Court of Appeals, in the recent case of the People v New York Trap Rock Corp. (57 NY2d 371, 378-379), set forth the guidelines for the “void-for-vagueness” doctrine, and we quote:
“Turning then to the void-for-vagueness doctrine, we begin our analysis by a brief review of the reasons why it at times has been called ‘the first essential of due process of law’ (Connally v General Constr. Co., 269 US 385, 391).
“As we have had occasion to reiterate in recent years, a prime purpose is to meet ‘the constitutional requisite that a statute be “informative on its face” (People v Firth, 3 NY2d 472, 474) * * * to assure that citizens can conform their conduct to the dictates of the law’ (People v Illardo, 48 NY2d 403, 413). To this end, nothing less than ‘adequate warning of what the law requires’ will do (People v Cruz, 48 NY2d 419,424, opp dsmd 446 US 901).
“Of equal concern is the prevention of ‘arbitrary and discriminatory enforcement by requiring “boundaries sufficiently distinct” for police, Judges and juries to fairly administer the law’ (People v Cruz, supra, at p 424, citing United States v Petrillo, 332 US 1, 7). ‘As common sense and experience both tell us, unless by its terms a law is clear and positive, it leaves virtually unfettered discretion in the hands of law enforcement officials (People v Illardo, supra, at pp 413-414).”
The operative descriptive terms in the Ordinance are: “Reasonable order or request”; “regular duties”; “resist or interfere”; “officer or employee of the city”; and “discharge of his regular duty.”
A search for cases which have dealt with similar types of language has not uncovered an abundance of precedent. In City of Portland v Anderson (40 Ore App 779) the court examined an ordinance which made it an offense to interfere with or publicly *573 incite others to interfere with a police officer. The court found the ordinance to be Unconstitutionally vague saying that “interfere” is a word of too general a description to tell a man of reasonable intelligence whether his actions are in violation of the ordinance. Further, it rejected the prosecution’s argument that discretion in the Judge and prosecutor to dismiss ridiculous cases was sufficient to save the ordinance.
In Landry v Daley (280 F Supp 968), the court examined a statute quite similar to the Ordinance. In Landry (supra, p 973) the ordinance made it a crime to “ ‘resist’ or ‘in any way to interfere with or hinder or prevent * * *’ any officer in the discharge of his duties.”
The court found that “[t]he phrases ‘in the discharge of his duties’ or ‘from discharging his duty as such officer’ are vague and indefinite and would cover unauthorized or excessive action by a peace officer in carrying out his duties.” {Landry v Daley, 280 F Supp 968, 973, supra.) Further, the court found that the terms “ ‘interfere’ or ‘offer or endeavor to do so’ are vague and indefinite and could cover innocent interference by inaction or speech” (p 973).
The court concluded “[a]s a result [the ordinances] fail in some circumstances to define the conduct they seek to proscribe in terms understandable to persons of ordinary intelligence. Neither an average citizen nor an average policeman could reasonably be expected to govern his conduct by reference to them. In addition, applying them strictly according to the normal and natural meaning of their terms, they prohibit or impinge upon constitutionally protected freedoms. Accordingly, they must be declared unconstitutional and void.” (Landry v Daley, 280 F Supp 968, 973, supra.)
This court’s view of the meaning of the operative terms of the Ordinance is as follows: A “reasonable order or request” will be the subjective determination of and by the police officer who makes it as to its reasonability.
The order or request need not deal with any illegal activity on the part of the defendant. Thus, the defendant could be conducting himself with complete propriety, and an officer could direct or request action or inaction on his part, which could impinge upon his legitimate rights and freedoms.
There is no description nor definition in the statute as to what constitutes the regular duty of a police officer or an employee of the city. It is quite apparent that the average layman would have great difficulty in determining what the regular duties of *574 not only a policeman might be but any employee of the City of Buffalo.
In any event, all persons are proscribed from resisting or interfering. One of the alleged examples of resistance in the instant case is the uttering of an obscenity at the police officer. Without getting into First Amendment arguments concerning freedom of speech, it is difficult to see how the uttering of an obscenity is resistance or interference. It may be disorderly conduct, but Mr. Flinn was not charged with that.
Therefore, by a comparison with the two cases which treated similar language, and by the court’s own analysis, it is quite clear that the language of the Ordinance is, on its face, indefinite, vague and without clear meaning.
The Court of Appeals, in Trap Rock (57 NY2d 371, supra), recognized the problems of draftsmanship and enforcement of local ordinances. In Landry v Daley (supra, at p 973) that court sympathized with the local legislature:
“[T]he state and city have legitimate interest in protecting peace officers and preventing frustration of a valid enforcement of the law. Unfortunately, the ordinance goes far beyond the authority required to accomplish those objectives as well as being unconstitutionally vague and indefinite * * *
“Because of the importance both of preserving the peace in the community and protecting all the rights of all its citizens, the City should take immediate steps to enact constitutionally valid ordinances in this field.”
This court indorses the conclusions and the feelings of the court in Landry (supra). Nonetheless, the Ordinance is unconstitutional and the charge of violating it is dismissed.
Inasmuch as we have determined that the Ordinance is unconstitutionally vague, it cannot be the basis for the resisting arrest charge, which was also filed against Mr. Flinn. Therefore, the violation of section 205.30 of the Penal Law is also dismissed.